| 22 | 593 |
| 95 | 558 |

# VAUGHAN AND HATCHER, ADM'RS., *vs.* HOLMES' AND WEST'S HEIRS.

1. When land is sold by an administrator under an order of the Court of Probate, it is bound for the payment of the purchase money until a decree is made divesting the legal title; and if the purchaser dies before a decree is rendered, the right which his heirs have to demand a legal title on the payment of the notes given by the deceased for the purchase money, is equitable assets of his estate, which neither the Court of Probate nor the Court of Chancery can direct to be appropriated to the payment of the notes in preference to the other debts of the estate.

2. In such case, the Court of Probate, under the power conferred on it by statute for the sale of lands, may direct the sale of the decedent's inchoate equity.

3. A bill filed by the two administrators, asking that the land might be resold on the same terms and conditions as at the first sale, in order that the purchase money might meet the payment of the notes executed by the deceased purchaser, and alleging that his property, exclusive of the land, was not sufficient to pay all his debts, is without equity.

ERROR to the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

This bill was filed by the administrator of Bethel Holmes and the administrator of William M. West, against the heirs of Holmes and the heirs of West. It alleges, that said Holmes died seized of certain lands, which were exposed to sale by his administrator under an order of the Court of Probate; that William M. West was the highest bidder at said sale, and executed two notes for the purchase money, one payable on the 1st January, 1853, and the other on the 1st January, 1854; that said West afterwards died, before the administrator had reported said sale to the Court of Probate, and had the legal title vested in him; that since the death of said West, said administrator has reported said sale to the Court of Probate, stating in his report the death of West since the sale; that said report was approved and confirmed by said court, but no decree was made vesting the legal title to the land in the heirs of said West; that the property of West, exclusive of these lands, is not sufficient to pay all his debts, including the notes for the purchase of

said lands; that it will be necessary for his administrator to sell these lands, after the title is vested in West's heirs, to pay the purchase money and other debts of the estate; and that it is desirable to have the lands sold on the same terms and conditions as at the first sale when West purchased, so that the purchase money may meet the payment of the notes executed by West.

Service of the bill was regularly perfected on all the defendants, and a guardian *ad litem* appointed for those who were minors, who filed the usual answer. All the allegations of the bill are fully sustained by proof; and one witness, who is conversant with the value of the lands, &c., swears, that they would bring more, if sold on a credit so as to meet the notes given by West for the purchase money, than if sold for cash.

On the final hearing, the Chancellor dismissed the bill, with costs; and this decree is assigned for error.

WILLIAM HUNTER, for plaintiffs in error, contended:

1. That if the Court of Probate, under its statutory powers, could sell the equity which West's heirs had in the land, and if that remedy were as complete as the remedy in equity, that statutory remedy would not take away the jurisdiction of equity. When the statute made lands assets, liable to the debts of the estate, the jurisdiction of equity over assets attached, to aid the administrator in applying them to debts.

2. That a sale of the equity by the Court of Probate would not answer the purpose. The purchaser could get no title, except in equity; and no one would give a full price for a mere equity, which was still liable for the unpaid purchase money. There is no dispute about the facts: it is a friendly suit, and all the parties interested join in asking relief.

GOLDTHWAITE, J.—The land is unquestionably bound for the purchase money, until a decree is made divesting the legal title, (Foster v. Trustees of the Athenæum, 3 Ala. 302;) and the only interest which the heirs of West have in the land, is the right to demand a legal title upon the payment of the notes given by their intestate for the purchase money. This right is equitable assets, belonging to the estate of West,

and if sold, the proceeds must be appropriated in the same manner as other assets belonging to the estate; and neither the Probate Court nor the Court of Chancery would have the right to direct the appropriation of these assets to the payment of the notes for the purchase money given by West, in preference to the other demands against his estate. We can see very clearly that the sale of an equity of this nature by the Probate Court might, upon the case made by the bill, greatly prejudice the estate; and if the question was before us for the first time, we should be disposed to hold, that that court could not, under the authority given it for the sale of lands, direct the sale of an inchoate equity like this; but the rule has been too firmly settled by the former adjudications of this court, to allow us to depart from it. Perkins v. Winter, 7 Ala. 855; Duval v. The P. & M. Bank, 10 ib. 636; Duval v. McLosky, 1 ib. 708; Jennings v. Jenkins, 9 ib. 285.

To avoid the injurious results of this rule, application is made to the Court of Chancery, to invest the heirs of West with the legal title to the lands, with the view of benefitting that estate, by thus putting the lands in a condition as to title which would hold out stronger inducements to purchasers. In other words, the court is asked to take the legal title from the heirs of Holmes, and vest it in the heirs of West, in order to increase the assets of the last estate. The mortgagor cannot come into a court of equity to redeem, without the payment of, or the offer to pay, the mortgage debt; and so, if the application had been made directly by the heirs of West, to invest them with the legal title, in order that they might sell the lands, the court would not aid them until the purchase money had been paid. Suppose the heirs of Holmes divested of the legal title, and the lands sold under the decree, at a less sum than the amount for which they were already bound, on the notes given on the first sale; the last buyer, on the payment of the purchase money, would get the title, and for the difference in amount between the two sales, the only security would be the notes of West. It is no answer to say this will not happen. The operation of the decree would be, to deprive those interested in the estate of Holmes of a separate and distinct security for the purchase

money. They have a right to all the securities which the law allows them, and the Court of Chancery cannot impair this right for the benefit of third persons. The fact that the administrator of Holmes joins in the application, can make no difference, as he does not represent the interest of the heir in the real estate, except so far as he is authorized to do so by the statute. Any other person might as well make the application as he. There would be no difficulty, if the heir was of full age, and consented; but she is a minor, and cannot consent to an act which would not result to her benefit; and the court, acting as the guardian of her interests, would not become the instrument to deprive her of her rights, and, if injured, turn her over to the personal representative for redress. The bill shows that the heir of Holmes is the widow of West; but that cannot change the case, as it also appears that the latter left a child, who is made a party, and Mrs. West, as the only heir of her father's estate, may have a greater interest in preserving the lien, than in discharging it as one of the parties interested in the estate of her husband. The case may be a hard one upon the estate of West; but upon the case made, equity could not give relief.

The decree of the Chancellor must be affirmed, with the costs of this court, against the plaintiffs in error.