## KINSEY vs. HOWARD et al.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR UNPAID PURCHASE-MONEY OF LAND, AND DEVASTAVIT AGAINST PERSONAL REPRESENTATIVE OF PUR-CHASER.]

1. *Multifariousness.*—A bill in chancery, which seeks to enforce a vendor's lien for the unpaid purchase-money of land, against the personal representative of the purchaser and a sub-purchaser in possession, and also to establish a *devastavit* against the personal representative for misrepresenting the complainant's claim on the land, is multifarious.

2. *Plea of purchase for valuable consideration without notice; who may traverse, and on what grounds.*—A vendor, who has conveyed to the purchaser the legal title to the land sold, and who seeks to enforce his lien on the land against a sub-purchaser under an order of the probate court, made on the application of the personal representative of the deceased purchaser, cannot set up against such sub-purchaser, in traverse of his plea of purchase for valuable consideration without notice, the fact that he paid the purchase-money in Confederate currency, unless he impugns the good faith of the transaction.

APPEAL from the Chancery Court of Russell.
HEARD before the Hon. N. W. COCKE.

THE bill in this case was filed on the 3d November, 1863, by Lazarus Kinsey, the appellant, against Ralph O. Howard, as the administrator of John W. Freeman, deceased; and sought to enforce a vendor's lien for the unpaid purchase-money of a certain tract of land, which had been sold and conveyed by complainant to said Freeman in his life-time. On the 4th January, 1867, an amended bill was filed, which alleged that, in December, 1863, Freeman's estate was declared insolvent; that the notes for the purchase-money were duly filed as claims against his estate; that the lands were sold by the administrator, under an order of the probate court, in June, 1863, for the payment of debts, and were bought at that sale by one Thomas B. Jennings, who paid for the same in Confederate treasury-notes, and, in December, 1863, (after the filing of the orig-

inal bill,) sold and conveyed them to one Robert Caldwell.
Jennings and Caldwell were made defendants to the
amended bill, which alleged that they had notice of the
complainant's claim for the unpaid purchase-money, and
sought to hold them liable for the rents of the lands while
in their possession. The amended bill further alleged, that
Howard, the administrator of Freeman, in making the sale
of the lands, represented to the purchaser that the titles
were good, and denied that the complainant's claim was a
valid charge on them ; and it asked that he might be held
personally responsible for any sum due to the complainant
after the sale of the land, and the appropriation of the pro-
ceeds to the payment of the debt.

The defendants demurred to the bill, for want of equity,
for multifariousness, and for misjoinder of parties. At the
May term, 1868, on final hearing on the merits, the chan-
cellor dismissed the bill ; and his decree is now assigned
as error.

WATTS & TROY, and G. D. & G. W. HOOPER, for appel-
lant.—The vendor's lien for the unpaid purchase-money is
good against all the world, except purchasers for valuable
consideration without notice ; and neither Jennings nor
Caldwell can successfully set up that plea. The doctrine
of *caveat emptor* applies to judicial sales.—*O'Neal v. Wil-
son*, 21 Ala. 288 ; *Lang's Heirs v. Waring*, 25 Ala. 625 ;
*McCartney v. King*, 25 Ala. 681. Jennings, the purchaser
at the administrator's sale, was chargeable with notice that
the notes for the purchase-money were filed as claims
against the estate of Freeman ; and his payment of Con-
federate currency, when the decree required a sale for cash,
can not discharge him from liability.—*Sims v. Houston*, 44
Ala. 134 ; *Hill v. Erwin*, 44 Ala. 499 ; *Mahone v. Haddock*,
44 Ala. 92. Caldwell was a purchaser *pendente lite*, and, of
course, was chargeable with notice.—*Center v. P. & M.
Bank*, 22 Ala. 743 ; *Hoole & Paullin v. Attorney General*,
22 Ala. 190 ; *Witter v. Dudley*, 42 Ala. 616.

B. F. SAFFOLD, J.—The bill filed by the appellant

claims, in substance, as follows: The complainant sold a
tract of land to John W. Freeman, in 1858, and executed
a deed therefor. The vendee gave three promissory notes
for the purchase-money, but died without having paid more
than an inconsiderable part of the one first due. His ad-
ministrator sold the land, under an order of the probate
court, in June, 1863, for the payment of the debts of the
estate; T. B. Jennings becoming the purchaser. Shortly
afterwards, he reported the estate insolvent, and it was so
declared in November, 1863. The above mentioned notes
were duly presented and filed as claims against the estate.
Robert Caldwell bought the land from Jennings, in the lat-
ter part of 1863, and is in possession of it. Jennings paid
Confederate treasury notes in satisfaction of his purchase,
and a conveyance to him was ordered to be made. Notice
of the non-payment of the purchase-money is charged
against all of the defendants. It is further charged, that
Howard, the administrator of Freeman, never paid any
part of the debts of the estate, but mixed the proceeds of
the sale with his own individual funds.

The prayer of the bill is for the enforcement of the ven-
dor's lien upon the land, and account of the rents and
profits during the possession of the defendants, a decree
against the administrator for any balance of the purchase-
money after the appropriation of the proceeds of the sale
of the land and the rents and profits; and if the said lien
shall have been lost or impaired by any wrongful act of the
said administrator, that he be required to pay damages
individually, and for general relief.

The defendants demurred to the bill, for want of equity,
misjoinder of parties defendant, and multifariousness.
Jennings and Caldwell deny notice of the non-payment of
the purchase-money, and claim to be *bona fide* purchasers
for valuable consideration without notice, having paid the
purchase-money. The bill was dismissed, on final hearing
on the merits.

1. The bill is manifestly subject to the objection of mul-
tifariousness. The defendants, Jennings & Caldwell, have
no interest in that part which, in the nature of a creditor's

Kinsey v. Howard et al.

bill, seeks a discovery of assets, charging the administrator with waste, and praying for a decree of damages against him.—Story's Eq. Plead. §§ 271, 274, 539.   All that was required to be proved against them was, that they were the sub-purchasers of Freeman with notice of the non-payment of the purchase-money, and that they were in possession.   It was not necessary to make Caldwell a party defendant, because he bought from Jennings during the pendency of this suit, though he was a proper party at the election of the complainant.—Story's Eq. Plead. §§ 156, 351.   He, however, is entitled to the benefit of the want of notice by Jennings.—Story's Eq. Plead. § 808.

2. Can the complainant question the validity of the payment made by Jennings in Confederate currency?   There would be no doubt of his right to do so, by involving the good faith of the transaction.   The heirs of Freeman might do so, and also his creditors, if the payment had been made after his estate had been declared insolvent. If Freeman himself had sold to Jennings, and received the Confederate currency in payment, it would have extinguished the debt.—*Ponder v. Scott*, 44 Ala. 241.   As the complainant seeks only the enforcement of an equitable right, we can not say that Jennings would not be prejudiced by an avoidance of the payment he has made.   It is not necessary to the good faith of his contract that he should have given adequate consideration.   It is sufficient if he gave what the law deems a valuable consideration in execution and discharge of his agreement.   Courts, both in law and in equity, refuse to disturb contracts on questions of mere adequacy, whether the consideration be of benefit to the promisor, or of injury to the promisee.—Parsons on Contracts, p. 362.

When a vendor of land conveys the title to his vendee, a subsequent purchaser ought to be protected against his lien, when, without notice, or anything to put him on inquiry, he has in good faith legally discharged his obligation to the said vendee.   By his own act he has represented his vendee as clothed with power to make any contract concerning the property which the law will allow him,

as the owner of it, to make. The right of the heirs, or of the creditors, of Freeman to repudiate an unauthorized acceptance of payment by their fiduciary representative, is entirely different from the claim of this complainant. The administrator, in making the sale, did not represent him as vendor. He sold the interest of his intestate in the land, without regard to whether there was a lien upon it or not. The proceeds were distributable as other assets of Freeman's estate.—*Vaughan & Hatcher, Adm'rs, v. Holmes et al.*, 22 Ala. 593. It happened, by the act of the complainant in conveying it, that the purchaser got the legal title, and, having done so without the knowledge of the plaintiff's equity, he ought not to be responsible to him for the land, while other parties retain the payment he has made for it.

The decree is affirmed.