Inman's Administrator v. Gibbs.

The decree is affirmed.

## INMAN'S ADMINISTRATOR *vs.* GIBBS.

[PETITION BY PURCHASER TO SET ASIDE SALE OF LANDS UNDER ORDER OF PROBATE COURT.]

1. *Sale of decedent's lands; sufficiency of petition for.*—A petition for the sale of a decedent's lands, filed by his administrator, which alleges that a sale is necessary to pay the debts of the estate, and, if he should be mistaken in this, that it is more to the interest of the estate to sell the lands than to sell the slaves, (Code, § 1755,) sufficiently avers two statutory grounds for a sale, and is not objectionable because the two grounds are thus disjunctively stated.

2. *Same; what interest may be sold.*—A purchaser of lands, sold under an order of the probate court, has such an interest in them, after the confirmation of the sale, as may be sold by the probate court, after his

death, although he had not paid the purchase-money, and had not obtained a deed.

3. *Same; validity of order of sale, and confirmatory decree, rendered in 1863.* — An order of the probate court for the sale of a decedent's lands, and a subsequent decree confirming the sale, both rendered in 1863, are not void as being the acts of a court of the State while in insurrection against the United States.

APPEAL from Probate Court of Sumter.

Heard before the Hon. J. A. ABRAHAMS.

THIS was a petition by Jesse A. Gibbs, filed in the probate court on the 10th January, 1870, asking that court to set aside a sale of certain lands in the town of Gainesville, which had been made, under an order of that court, by F. P. Snedicor, as the administrator of the estate of James C. Inman, deceased, and purchased at that sale by the said Jesse A. Gibbs. The petition alleged the following grounds for setting aside the sale : " 1st, because the application for the order of sale fails to show that said court had jurisdiction to grant the order of sale ; 2d, because said application fails to show that said Inman had any interest in· the house and lot therein mentioned, which the court could order to be sold ; 3d, because the proof to show the necessity for the sale was not taken as required by law; 4th, because the proof taken did not establish the necessity for said sale ; 5th, because the application for said sale did not authorize any decree thereon, said application being in the alternative ; 6th, because the said order of sale is void, on the face ·of the proceedings in the matter of said application, so far as the property purchased by said Gibbs is concerned ; 7th, because the decree ordered the sale of block No. twenty-two (22) on Monroe street, and the report of sale shows only a sale of block No. twenty-two (22) on Jefferson street; and, 8th, in point of fact, said Inman had no interest whatever in any of said property reported as having been sold to said Gibbs under said order of sale."

On the hearing, as the bill of exceptions states, the petitioner offered in evidence the records of the court, showing the administrator's petition for the sale, the order of

sale made thereon, the report of the sale, and the decree confirming the sale. The petition of the administrator, which was made under oath, and filed on the 18th November, 1862, alleged that said Inman died on the 13th September, 1862, "possessed of the following real estate, situated in the said town of Gainesville," &c., "also, the dwelling-house in which said intestate last resided, with the land thereunto attached, being the premises bought by him from Green B. Mobley, administrator of the estate of H. F. Eaton, and more particularly designated and shown by the map and survey of said town of Gainesville as lot No. 22 on Monroe street." The allegations of the petition in reference to the necessity for the sale, and the intestate's title to the premises, are in these words: "The said lot of land last above described has never been paid for by the said intestate, and the debt for the purchase-money is still out against the estate; and besides, from the claims which have already been presented to him, and which amount to nearly $1,500, besides the above note for the land, amounting to $1,750, with interest, and from those that he has heard of, your petitioner believes that it will be necessary to sell said lands, to enable him to discharge the debts of the estate; and he therefore alleges that a sale thereof is necessary, to pay the debts of the estate, and the expenses, &c., of administering the estate." The petition then averred facts showing the condition of the other lands and the slaves belonging to the estate, and concluded with the following allegations: "Your petitioner therefore alleges, that, even if he should be mistaken in the allegations made in the 4th paragraph," (copied above,) "it would be more to the interest of the estate to sell the real estate for the payment of debts, at this time, than the negro property. He therefore prays for an order, authorizing and empowering him to sell the real estate above described, at Gainesville, on a credit of twelve months from the date of sale," &c.

The order of sale, which was made on the 29th December, 1862, after reciting the filing of the petition, &c., proceeded in these words: "And it appearing to the satisfac-

tion of the court that due and legal notice of this application, and of the day set for hearing the same, has been given by publication for thirty days in the *Independent*, a newspaper published in said county ; and the guardian *ad litem*, heretofore appointed to protect the interests of the minor heirs of said deceased, having denied in writing the allegations of said petition; and it appearing from the testimony of Eli O'Neal and J. W. Woodward, taken as in chancery cases, and filed in this cause, that it is necessary to sell said real estate to enable the said administrator to pay the debts against said estate, and that it would be more to the interest of said estate to sell the real estate than the negro property : it is therefore ordered by the court," &c., that the administrator be authorized to sell the real estate. The report of the sale, under oath, was returned to the court on the 9th February, 1863, and was confirmed by the court on the 11th March, 1863.

The petitioner then offered in evidence the records of said probate court showing the proceedings had therein, under and by virtue of which said lands were sold by Green B. Mobley, as the administrator of H. F. Eaton, deceased, under an order of said probate court, and were bought at the sale by the said Jas. C. Inman. The sale in that case was made by the administrator, on the 22d December, 1860, under an order of the probate court, for the purpose of making an equitable division among the heirs ; was duly reported to the court, and by it confirmed in April, 1861. "It was admitted that said Inman's estate had been declared insolvent; and that said F. P. Snedicor was the administrator under the decree of insolvency ; and that neither said Inman, nor his administrator, nor said Jesse Gibbs, had ever paid any thing on the notes given for the purchase-money of the property ; and that the note against said Gibbs was in suit, and now pending in the circuit court of said county; and that the note against Inman was also in suit, and now pending in said circuit court against his sureties ; and that the said note had been filed as a claim against said Inman's estate. The defendant then proved, that the lots mentioned in the petition and

decree as fronting on Monroe and Jefferson streets were identical, these streets being on two sides of the premises; also, that said Gibbs went into the possession of the said premises on the 10th February, 1863, the day of said sale, and had been in possession thereof ever since, having never been evicted or in any way disturbed."

" This was the substance of all the evidence, and the court thereupon rendered a decree," setting aside the sale on the ground that it was void " for the reasons set forth in the notice and motion"; to which an exception was duly reserved by the defendant, and which he now assigns as error.

WILEY COLEMAN, for appellant.—1. The probate court can, of course, set aside or annul, at a subsequent term, a void order or decree made at a former term.—*Johnson v. Johnson's Adm'r*, 40 Ala. 252 ; *Summersett v. Summersett's Adm'r*, 40 Ala. 596. But the proceedings of the probate court of Sumter, had in 1863, are not void because of the war then pending, but stand, at least, on the footing of foreign judgments.

2. The records introduced in evidence sufficiently show the facts on which depended the jurisdiction of the court to order the sale.—*Satcher v. Satcher's Adm'r*, 41 Ala. 26 ; *King v. Kent's Heirs*, 29 Ala. 542 ; *Field's Heirs v. Goldsby*, 28 Ala. 218 ; *Matherson's Heirs v. Hearin*, 29 Ala. 210 ; *Saltmarsh v. Riley & Dawson*, 28 Ala. 164 ; *Cox v. Davis*, 17 Ala. 716 ; *Wyman v. Campbell*, 6 Porter, 219.

3. The purchaser, being in the undisturbed possession of the land, can not move to set aside the sale, any more than he could defeat a suit on the notes for the purchase-money.

TURNER REAVIS, *contra.*—The order of sale, and the sale made under it, were void on several grounds. The petition attempts to allege two distinct grounds for a sale, neither of which is sufficiently alleged, and which can not be united so as to constitute one sufficient ground. The allegation that the decedent "died possessed," &c., does not

show that he had any title whatever to the land, either legal or equitable; and the evidence showed that, in point of fact, he had no interest whatever, because the order under which he purchased was void. The letters of admin- istration granted to the administrator in 1862, conferred on him no authority to apply for an order of sale; the State being then in rebellion against the United States, its laws consequently suspended, and its courts not recognized as the rightful courts of the State. The application for the order of sale was, in effect, a suit against the heirs, to di- vest them of their title to the lands. As the administrator could not sue, he could not maintain such a proceeding. The order of sale, made by the same court, was void for the same reasons, even if the applicant had been right- fully appointed. The order of sale, being at most a for- eign decree, can not now be enforced in the courts of this State, by coercing payment of the purchase-money, and ordering a title to be made to the purchaser. These posi- tions are fully sustained by the following authorities: *Moseley v. Tuthill,* 45 Ala. 610; *Bishop v. Blair,* 36 Ala. 80; *Petitt v. Petitt,* 32 Ala. 288; *Burns v. Hamilton,* 33 Ala. 210; *Bibb & Falkner v. Avery,* 45 Ala. 691; *McSwean v. Faulks,* 46 Ala. 610; *Martin v. Hewitt,* 44 Ala. 418; *Noble v. Cullom,* 44 Ala. 554; *Strickland v. Hodge,* January Term, 1871; *Ex parte Bibb,* 44 Ala. 140.

B. F. SAFFOLD, J.—The appellee was the purchaser of land sold by the appellant, under order of the probate court, as the property of his intestate, Inman. He moved the court to set aside the sale, as void, on the grounds of want of jurisdiction in the court, want of such an interest in the property by the intestate as was the subject of sale by the probate court, and failure to comply with the law respecting proof showing the necessity of a sale.

It appears that the decedent had purchased this land at an administrator's sale, and had given his note, with secu- rity, for the payment of the purchase-money, and that that sale had been confirmed. But he had not paid any part of the purchase-money, and had received no title-

deed. The appellant, in his petition for the sale, alleged that it was necessary in order to pay the debts of the estate; and that, if he should be mistaken in this, it would be more to the interest of the estate to sell the land than the slave property, for reasons which he enumerated. His application included other land than this in question, which he said the intestate was "possessed" of; but he set out the facts in reference to this particular parcel, as stated above.

Two statutory grounds for a sale are sufficiently alleged to sustain the jurisdiction on a motion to set aside the sale as void.—Code, § 1755; *King v. Kent,* 29 Ala. 542.

In *Jennings & Graham v. Jenkins' Adm'r,* (9 Ala. 285), it was decided, that the orphans' court has power to order the sale of an equitable title to real estate, in all cases where it may order a sale of land. In that case, the land sold by order of the court was in an exactly similar condition to this respecting the title or interest of the decedent. The title was outstanding, waiting the payment by the original purchaser of the purchase-money. If this could not be done, the representative of such a purchaser might have to declare his estate insolvent, when it was not so, for his own protection. The vendor could proceed in enforcing the collection of his money. His execution could not be levied on the land.—Revised Code, § 2871. But, on return of "no property found" against the estate, he would have recourse on the administrator individually.

In *Vaughan & Hatcher, Adm'rs, v. Holmes' & West's Heirs,* (22 Ala. 593), the land, which was the subject of the suit, was in like condition with this. The court held, that the decedent's (West's) inchoate equity might be sold by the probate court. It further held, that the proceeds of such sale must be appropriated in the same manner as other assets belonging to the estate; and that neither the probate court, nor the court of chancery, would have the right to direct their appropriation to the payment of the notes for the purchase-money given by West, in preference to the other demands against his estate.

We regard the above authorities as sufficient to show that the estate of Inman had such an interest in the land bought by the appellee as might be sold by the probate court. This interest was shown by the statement of facts in the appellant's (Snedicor's) application for the sale, and therefore a sufficient ownership was averred to give jurisdiction.

The proceedings sought to be set aside are not void, as being the acts of a court of a State in insurrection against the United States.—*Griffin v. Ryland*, 45 Ala. 688.

The decree is reversed, and the cause remanded.