# Spence, Adm'r *v.* Parker *et al.*

### Petition to sell Lands to pay Debts.

1.   *Appeal; what such decree as will support.*—A decree of the Probate Court refusing an order to sell a decedent's lands, upon application of the administrator, for the purpose of paying debts, is a final decree, from which an appeal lies to the Supreme Court, under sections 2246–47 Revised Code.

[Spence, Adm'r v. Parker et al.]

2. *Payment of debts; what property of decedent liable to sale for.*—All the property of a decedent, without regard to its character, whether real or personal, not specifically exempt, whether held by legal or equitable title, if attended with a beneficial interest, is chargeable with payment of debts, and must be sold for that purpose when necessary; and it is no ground for refusing an order of sale of lands, that the estate or interest of the decedent in them was that of a tenant in common.

APPEAL from Probate Court of Pickens.

The appellant, as administrator of one Reddin N. Parker, petitioned the Probate Court for an order to sell the interest of the estate in certain lands. These lands had formerly belonged to the father of Reddin N., and had descended to him in common with the other heirs, and there had never been any division among them. On the hearing the court dismissed the petition, on the ground that it should have filed for division, as a tenant in common of said land under section 3120 *et seq.* of the Revised Code, and this action is now assigned as error. Motion was made to dismiss the appeal.

M. L. STANSEL, for appellant.

THOMAS H. WATTS, *contra.*

BRICKELL, C. J.—The decree of the Court of Probate refusing to order a sale of the lands is a final decree, from which an appeal lies to this court under sections 2246–2247 of the Revised Code. It was a termination of the proceedings, operating a bar to a similar application founded on the existing facts. Suits at law could be prosecuted to judgment against the administrator on the outstanding debts of the intestate, and though the real estate was of value sufficient to pay them, he could pursue no remedy for their subjection. The land being liable and of sufficient value to pay the debts, the estate was not insolvent, and a report of insolvency could not be sustained. It is the right of the personal representative, essential to his protection, and a duty he owes to creditors, to apply for and obtain an order for the sale of lands for the payment of debts when the necessity exists. The denial of a proper application, supported by proper evidence, is the denial of a clear legal right, as much so as the rendition of judgment of dismissal in a court of law, against a plaintiff having a just cause of action, properly presented and proved. The motion to dismiss the appeal is overruled.

All the property of a decedent, without regard to its character, whether real or personal, not specifically exempt, and without regard to the character of his title, whether legal

or equitable, if attended with a beneficial interest, is charged with the payment of debts, and the same must be sold for that purpose when necessary.—Revised Code, § 2060. If the personal estate is insufficient, lands are to be sold under an order of the court of probate obtained by the personal representative.—Revised Code, § 2079. The interest of the decedent is charged with the payment of the debts, whether it is legal or equitable, whether it comprehends the entire fee, or is a less estate, if it is a beneficial interest descendible to heirs. It is on the interest, the estate of the decedent, the decree of sale operates, intercepting its descent to the heir and passing it to the purchaser, when the sale is consummated, and a conveyance made under the order of the court. This has been too often declared to be regarded now as a disputable question.—*Perkins v. Winter*, 7 Ala. 855 ; *Evans v. Matthews*, 8 Ala. 99; *Duval v. P. & M. Bank*, 10 Ala. 636 ; *Jennings v. Jenkins*, 9 Ala. 285 ; *Vaughn v. Holmes*, 22 Ala. 593.

The court of probate clearly erred in refusing the order of sale, because the estate of the intestate was that of a tenant in common. It was a legal estate, not held in trust, subject to execution at law, during the life of the intestate, and on his death charged by the statute with the payment of debts. There is nothing apparent on the face of the proceedings indicating that it was exempt under the Constitution or the statutes. If such facts exist, they were not averred in the answer to the application, and no proof of them made.

The decree of the court must be reversed, and the cause remanded.