[No. 12427. In Bank. — March 30, 1888.]

GUILLERMO ANDRADE, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

ESTATE OF · DECEDENT — ACCOUNTING BY SURVIVING PARTNER — LIMITATIONS ON POWER OF PROBATE COURT. — Under section 1585 of the Code of Civil Procedure, the superior court, in a proceeding for the settlement of the estate of a decedent, has authority to require a person, who admits being the surviving partner of the decedent, to file his account of the partnership affairs, and as an incident thereto, to examine witnesses for the purpose of determining the sufficiency of the account as filed. But the court has no authority to settle and adjust the accounts between the surviving partner and the representative of the deceased, nor, if the existence of the partnership be denied, to determine the question of its existence or non-existence.

APPLICATION for a writ of *certiorari*. The facts are stated in the opinion of the court.

*Ryland B. Wallace,* for Petitioner.

*John A. Wright,* for Administrator.

*E. R. Taylor,* for Absent Heirs.

SEARLS, C. J.—This is a proceeding to review the action of the superior court of the city and county of San Francisco (department 9, in probate) in requiring the petitioner to testify touching certain lands and property.

It appears from the petition that Philip A. Roach is

the duly qualified and acting administrator of the estate of Thomas H. Blythe, deceased, which estate was and is being administered in said court, and under the jurisdiction thereof.

That on, to wit, July 25, 1887, said Roach, as administrator, represented to the court in probate that the petitioner was the surviving partner of the said Thomas H. Blythe, deceased, in certain lands and enterprises in the republic of Mexico; that thereafter the court made an order requiring petitioner to render an account as to said matters as such surviving partner; that in obedience to said order, petitioner rendered an account as required by said order.

That thereafter, and on the eighteenth day of November, 1887, the said court ordered this petitioner to be sworn at the instance of the administrator, and to answer questions concerning said account, and concerning said lands and enterprises; counsel for petitioner objected to the examination, upon the ground that the court had no jurisdiction to so order, or to examine the petitioner as to the matters aforesaid, and the objection being overruled, and the court having proceeded to such examination and continuing the same, petitioner sues out a writ of review.

An examination of the record shows that the court proceeded upon the theory that Andrade was a surviving partner of Blythe. The petition of the administrator upon which the order for an accounting was made avers such to be the fact; the order of the court requiring him to account describes him as such, and while his account is preceded and followed by a protest against being required to render such account, he nowhere, so far as we can see, expressly denies his *status* as such surviving partner.

The report as rendered the court by petitioner was objected to by the administrator, as affording no adequate information in respect to the matters of and concerning

which petitioner was required to account; and on the eleventh day of November, 1887, the matter coming on regularly for hearing upon the objections of the administrator to the sufficiency of the account, counsel for the administrator called Andrade as a witness, claiming the right to examine him under oath, touching the matters involved in said account.

Counsel for Andrade objected to his being sworn or compelled to testify, upon the ground that the court, while exercising probate jurisdiction thereof, had no jurisdiction to compel such oath or the giving of such testimony.

The court overruled the objection, to which ruling an exception was noted.

Counsel for petitioner put certain questions to him with a view to showing, as he claimed, that there had been since the death of Blythe certain breaches of a contract or contracts by the estate, existing between Blythe and the petitioner, whereby the partnership or trust relation between petitioner and the estate of Blythe had ceased, and therefore, that the estate had no further interest in the property.

Objection was made to this testimony, upon the ground, as nearly as we can see from the record, that if there was a partnership at the date of Blythe's death, the right to an accounting existed, etc.

Objection sustained.

But little progress was made when a continuance of the examination was had, and pending such continuance the application was made to this court for a writ of review as in the petition stated.

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership, and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and appraised as other property.

"The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator. . . . .

"Upon the application of the executor or administrator, the court, or a judge thereof, may, whenever it appears necessary, order the surviving partner to render an account, and, in case of neglect or refusal, may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained." (Code Civ. Proc., sec. 1585.)

The probate court has no authority to settle and adjust accounts between a surviving partner and the representative of a deceased one. Its power is limited to requiring the survivor to account.

The right to demand and have an account includes the right to have all that the term imports, viz., such a detailed statement of the partnership affairs as will afford information of the condition of the business,—the assets, the credits, and indebtedness of the firm as such,—and the condition of the accounts as between the partners themselves.

Under the authority conferred by section 1585, *supra*, we have no doubt but that upon the coming in of an account by a surviving partner which is lacking in the essentials imported by the term, the court may require and enforce such other and further account as may be in the power of the survivor to furnish, and necessary to a correct understanding of the affairs of the partnership.

This duty performed, and the limit of power is reached.

The court cannot settle and adjust the account. If unsatisfactory, this can only be done by a court of equity. In *Theller* v. *Such*, 57 Cal. 447, it was said the "probate court has no more jurisdiction to provide for a partnership account and decree a balance, where the partnership has been dissolved by the death of a partner, than where it has been dissolved by any other cause."

The assets which pass to the executor or administrator consist of the individual estate of the decedent.   Partnership assets, as such, form no part of such individual estate; the residuum only, after satisfying liabilities and advances, if any, made by the survivor, becomes the property of the estate.   If questions arise in the course of settlement of partnership affairs which cannot be adjusted without recourse to the courts, the probate court is not the forum in which such questions can be solved, but, like other questions cognizable in courts of equity, they must be determined in the last-named courts.

If the existence of a partnership between a decedent and survivor is denied by the latter, the probate court cannot adjudicate the question and decree the existence or non-existence of the relation.   The *status* being admitted, the court may call upon the survivor to render an account.

As ancillary to the right of the court to enforce an accounting by the surviving partner, and to enable it to determine whether what purprots to be an account is such in reality, or whether another and further account is requisite, the right to examine the surviving partner under oath, or any other witness or witnesses who may possess information germane to the question, would seem proper.

The court cannot be supposed to know intuitively when such an account is presented whether or not it is in substance and detail such as should be furnished under the statute.   The needed information can only be acquired through the medium of testimony.   Petitioner was a competent witness by whom to establish facts which the court had a right to possess before approving the account rendered.

Assuming, then, as we do, that the record shows the existence of a partnership between Blythe and petitioner at the time of the death of the former, we hold that the court had authority to require the latter to file his account of the partnership affairs, and, as an incident

thereto, to examine witnesses, the petitioner included, for the purpose of determining the sufficiency of the account as filed.

The judgment of this court is, that the proceedings of the court below be and they are hereby affirmed.

McFarland, J., Thornton, J., Paterson, J., Temple, J., and Sharpstein, J., concurred.