## IN RE TRIPP'S ESTATE.

No. 3121.   Decided January 28, 1918.   (170 Pac. 975.)

PARTNERSHIP—SETTLEMENT OF ACCOUNTS—AUTHORITY OF COURT. While under Comp. Laws 1907, section 3918, which provides that a surviving partner can continue in possession of the partnership and settle its business, but that the interest of the decedent must be included in the inventory and be appraised as other property, and that the surviving partner must settle the affairs of the partnership without delay and account with the executor or administrator, the district court, sitting as a court of probate, may, if the surviving partner refuses to account, require him to do so, and then determine the sufficiency of account when rendered, yet if, on the coming in of the surviving partner's account, the administrators and surviving partner cannot agree upon a settlement, then proceedings must be instituted in equity for settlement of partnership affairs; the district court sitting as a court of probate having no jurisdiction to settle accounts between the surviving partner and the representative of the deceased partner.[1]

Appeal from District Court of Juab County, Fifth District; *Hon. Joshua Greenwood*, Judge.

---

[1] *In re Auerbach's Estate*, 23 Utah 535, 65 Pac. 488.

In the matter of the estate of Enoch W. Tripp, deceased.

Appeal from an order of the district court sitting as a court of probate approving and settling an account between the administrators of the estate of the decedent and C. L. Tripp, a surviving partner.

ORDER REVERSED.

*N. A. Robertson* and *George C. Buckle* for appellant.

*H. L. Pratt* and *N. J. Sheckell* for respondent.

CORFMAN, J.

This is an appeal taken from an order of the district court for Juab county, sitting as a court of probate, approving, allowing, and settling an account between the administrators of the estate of Enoch W. Tripp, deceased, and C. L. Tripp, a surviving partner of the deceased.

It appears from the record that Enoch W. Tripp and C. L. Tripp for some years immediately preceding the death of the former were engaged in the sheep business as copartners, under the firm name and style of E. W. Tripp & Son; that partnership relations were entered into December 10, 1909, and continued until the death of Enoch W. Tripp, May 20, 1914, during which period no accounting was ever had between the partners of the partnership affairs; that after the death of Enoch W. Tripp, George W. Tripp and George W. Morehouse the appellant here, were duly appointed and qualified as the administrators of the estate of Enoch W. Tripp, deceased, and thereupon, by mutual arrangement and consent of all parties concerned, the partnership property and business affairs of E. W. Tripp & Son were placed in the hands of said administrators, and they proceeded to sell and dispose of the firm's property and pay off its debts and liabilities. After the partnership property had thus been disposed of and the firm's liabilities discharged by the administrators pursuant to

an order of the district court, sitting as a court of probate, the surviving partner, C. L. Tripp, filed a purported final account and report of the partnership affairs, upon which, over the objection of appellant, a hearing was had and the order of the probate court made and entered allowing, approving, and settling the same as a final settlement of the surviving partner, C. L. Tripp, with the estate of Enoch W. Tripp, deceased.

From this order an appeal is taken, and the principal contention made by appellant is that no accounting nor settlement of the partnership affairs of E. W. Tripp & Son was ever had between the surviving partner, C. L. Tripp, and the administrators of the estate of Enoch W. Tripp, deceased, and therefore the district court, sitting as a probate court, had no jurisdiction to approve, allow, or settle the said account and report.

After reviewing the record on this appeal with care, we have found it very difficult to determine the exact legal effect of the order complained of by appellant, in view of the fact that the proceedings were conducted without the formality of any pleadings and no findings made. However, it seems to be regarded by both appellant and respondent as an order or decree of affirmance of a final settlement of all the partnership affairs of E. W. Tripp & Son upon an account and report rendered by a surviving partner directly to the district court sitting as probate court, without any accounting and settlement with the administrators of the deceased partner's estate. True, it appears from the testimony that at the time the property and business affairs of the firm were taken over by the administrators an attempt was made to arrive at some understanding as to the respective liabilities, as between the surviving partner and the estate of the deceased, and it is contended on the part of the respondent that these liabilities were then determined and settled, but to our minds it is made manifest from the testimony of the witnesses that it was not at all intended to absolve the surviving partner from a further accounting and settlement, but rather for the purpose and with the intention of arriving at the general condition of the firm's business before placing it in the hands of the administrators.

As we view the record here, no accounting nor settlement on the part of the surviving partner has been had with the administrators of the estate of the deceased partner, nor with the district court, sitting as a probate court, direct, from the time partnership relations were entered into, in 1909, up to the time of the death of Enoch W. Tripp, in 1914. The account in question, rendered directly to the court, it will readily be seen, was made on the assumption that a settlement of all the partnership affairs of E. W. Tripp & Son had theretofore been made between the surviving partner and the administrators of the estate of the deceased partner up to the time the administrators took charge of the property and the business affairs of the firm.

Declaratory of the common law relative to the right of a surviving partner to settle up the business affairs of the partnership, section 3918, C. L. Utah 1907, provides:

"When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership and to settle its business, but the interest of the decedent in the partnership must be included in the inventory and be appraised as other property. *The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator,* and pay over such balances as may from time to time be payable to him in right of the decedent. Upon the application of the executor or administrator, the court or judge may, whenever it appears necessary, order the surviving partner to give a bond in a prescribed sum or render an account, and in case of neglect or refusal may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained." (Italics ours.)

We are not prepared to say, and do not decide that, under our state Constitution and statutes, the district court, sitting as a court of probate, has not the power and jurisdiction to hear and determine all matters involving partnership relations between the surviving and deceased partner. However,

we are convinced beyond any doubt that in the matter at bar the court had no jurisdiction, in view of the foregoing statute, to order or decree a final settlement of the partnership affairs as between the surviving partner and the deceased partner's estate without any accounting with the administrators and without the necessary facts being presented to the court in a proper manner.   As pointed out, no accounting or settlement of partnership affairs was had by the surviving partner with the administrators in compliance with the foregoing statute, nor were there any proper pleadings before the court whereby the equity powers of the district court, sitting as a court of probate, or otherwise, might be legally invoked, and proper findings on which any valid decree of a final settlement of partnership affairs could be predicated.   In the language of the statute:

"The surviving partner must settle the affairs of the partnership without delay, *and account with the executor or administrator.*" (Italics ours.)

If the surviving partner refuses to account, the court may order and require him to do so, and then determine the sufficiency of the account when rendered, but on the coming in of the surviving partner's account, if the surviving partner and the administrators cannot agree upon a settlement, then proceedings must be instituted by a suit in equity predicated on proper pleadings for an accounting and settlement of the partnership affairs.   The district court, sitting as a court of probate, in the first instance, has no jurisdiction to settle the accounts between the surviving partner and the representative of the deceased partner, but is limited to the power of requiring the surviving partner to properly account.   This being done, the limit of its powers sitting as a court of equity is reached until proper proceedings are instituted to invoke the equity powers of the court.   *In re Auerbach's Estate,* 23 Utah, 535, 65 Pac. 488.   As is said in *Andrade* v. *Superior Court,* 75 Cal. 459, 17 Pac. 532, cited in respondent's brief:

"The court cannot settle and adjust the account. If unsatisfactory, this can only be done by a court of equity."

In the matter at bar, clearly the equity powers of the dis-

trict court were not invoked by any proper proceedings, and therefore the contention made by appellant that the court had no jurisdiction to proceed to adjust and settle the partnership affairs of E. W. Tripp & Son, as between the surviving parties and legal representatives of the deceased partner and make the order complained of must prevail.

The order of the district court, sitting as a court of probate, is reversed; appellant to recover costs.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.