Boyd v. Cook.

JESSE BOYD *et al.* v. W. W. COOK.

APPEALABLE ORDER—*Appointment of Receiver.*   A writ of error to an order denying a motion to vacate the appointment of and to discharge a receiver, and to require him to pay over the funds in his hands, will not lie before the final disposition of the action.

*Error from Barber District Court.*

THE plaintiffs in error bring here for review a certain order made at the November term, 1884, in an action wherein *W. W. Cook* was plaintiff, and *Jesse Boyd* and two others were defendants.    The material facts are stated in the opinion.

*I. P. Campbell, S. S. Sisson,* and *W. D. Webb,* for plaintiffs in error.

*F. E. Gillett,* for defendant in error.

*Per Curiam:*  On November 11, 1883, W. W. Cook brought an action against Jesse Boyd, Martin Cochran, and M. McGuire, charging them with driving wild and undomesticated cattle that were infected with a disease known as Texas or Spanish fever, into Kansas, and near to his premises and pasturing-ground; and that thereby the disease had been communicated to Cook's cattle, causing the death of many of them, and damaging him in the sum of $2,500.    He claimed a lien upon the cattle to the extent of the injury sustained, and they were taken into the possession of the sheriff, as the law permits.    Subsequently, on the application of Cook and others who claimed like liens upon these cattle, the judge of the district court, at chambers, appointed T. A. McCleary as re-

ceiver, who took the cattle into his possession, and later, upon an order of the judge, sold the same. On November 6, 1884, an application was made by the defendant below to vacate the appointment, and to discharge the receiver and require him to pay over the proceeds of the sale of the cattle; which motion was heard by the court on November 11, 1884, and overruled. Without waiting for the final disposition of the case in which the receiver was appointed, the defendants below bring this ruling here and ask a reversal of the same.

The order made denying the motion is not now reviewable in this court, and within the authorities —*Hottenstein v. Conrad,* 5 Kas. 249; *K. R. M. Co. v. A. T. & S. F. Rld. Co.,* 31 id. 90; *Miller v. Noyes,* 34 id. 13; *Snavely v. Buggy Co.,* 36 id. 106; *Burch v. Adams,* ante, p. 639—the case must be dismissed from this court.