# STANDARD STEAM LAUNDRY, a Corporation, Appellant *v.* C. A. DOLE, Respondent.

Action — For Accounting and to Redeem — Appeal — Final Judgment — Definition. Transcript — On Appeal — How Indexed — Abstract — What to Contain — Failure to Comply With—Rules 2 and 6 of Supreme Court—Appeal Dismissed.

*Action—For Accounting and to Redeem—Appeal—Final Judgment —Definition.*

A judgment to be final, must dispose of the case as to all parties, and finally dispose of the subject matter of the litigation on the merits of the case. And in an action, by the successor in interest of a mortgagor, for an accounting and to redeem from a foreclosure sale, an order that an accounting be had, and a judgment that upon a settlement of the account between the parties and the payment of the balance due, plaintiff may redeem, is not a final judgment from which an appeal will lie.[1]

*Transcript—On Appeal—How Indexed—Abstract—What to Contain—Failure to Comply With—Rules 2 and 6 of Supreme Court —Appeal Dismissed.*

Where a transcript on appeal is not prefaced with an index in accordance with Rule 2 of this court; and appellant's abstract fails to comply with Rule 6, the appeal will be dismissed.

(Decided Nov. 17, 1899.)

Appeal from the Third District, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action by the successor in interest of a mortgagor to compel an accounting and disclosure of profits from the purchaser of the mortgaged premises at the foreclosure

---

[1] *North Point Irr. Co.* v. *Canal Cos.*, 14 Utah, 155, followed.

sale made to satisfy said mortgage and for redemption of the premises therefrom.

From a judgment and order for an accounting and that upon settlement of the account between the parties upon payment of the balance due, plaintiff may redeem, plaintiff appealed.   Appeal dismissed.

*O. A. Woolley, Esq.*, and *N. V. Jones, Esq.*, for appellant.

*Messrs. King, Burton & King*, for respondent.

*Per Curiam.*

This is an action brought by the successor in interest of a mortgagor, to compel an accounting and disclosure of profits, from the purchaser of the mortgaged premises, at the foreclosure sale made to satisfy said mortgage, and for redemption of the premises therefrom.   Upon the hearing when counsel for the respondent offered evidence to show the amounts paid out by him, etc., the court announced that it would not make an accounting at that time, but would determine first whether there should be an accounting, and having determined that there should be, then the case would be referred to some one to make it, but the question of repairs and taxes would be left.   At the close of the hearing the court found, among other things, that there should be an accounting between the parties, and decided that "an account be had between plaintiff and defendant.   That defendant be allowed a lien on the machinery described in paragraph nine of the complaint for money paid by him on the notes which were given by Orson A. Wooley and E. T. Wooley in payment for the purchase price of said machinery and also $63.06 for taxes thereon until 1898; that in said account the defendant be charged $64.00 per month for the rent of the

premises and laundry machinery described in the pleadings from February 28th, 1898. Upon settlement of account between the parties and the payment of any balance which may be due defendant, plaintiff may redeem from the mortgage sale mentioned in the proceedings," and on that basis ordered and decreed that a judgment be entered in favor of the plaintiff, that an accounting be had between the parties, and on motion of plaintiff's attorney a lien was ordered upon the property in favor of the defendant for money paid, and provided therein what sums should be allowed for rent and taxes, and that upon a settlement of the amount between the parties, and the payment of the balance due, the plaintiff may redeem from the mortgage sale.

From this order and judgment as made, plaintiff appeals to this court.

Respondent moves to dismiss the appeal on the ground that the judgment is not a final one, but simply interlocutory, and that before the contention of the parties can be made final, an accounting must be had under the order of the court and referee made to determine the amounts to be paid.

We are of the opinion that the motion should be granted. The rights of the parties were not determined by the order made. The questions involved in the case were not decided or the trial finally concluded. The bill was filed by the plaintiff and appellant to obtain an accounting, as well as for a redemption from the mortgage sale. An accounting is found necessary in the conclusions and decree, and no accounting was had. Until such accounting is had the judgment is not final and the controversy between the parties is not ended. Many questions between the parties, as shown by the record, are not settled or determined by the order made, and were expressly left to be determined thereafter by the parties.

It was competent for the appellant to obtain an order for a referee, in order to have such accounting made, and a report thereon made to the court, and judgment entered accordingly.

In *North Point Irr. Co.* v. *Canal Cos.*, 14 Utah 155, this court held: "A judgment, to be final, must dispose of the case as to all the parties, and finally dispose of the subject-matter of the litigation on the merits of the case. Bouvier defines a final judgment as used in opposition to interlocutory as 'a final judgment is a judgment which ends the controversy between the parties litigant.' The general rule recognized by the courts of the United States and by the courts of most, if not all of the states, is that no judgment or decree will be regarded as final, within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it." *Eastman* v. *Gurry*, 14 Utah 169; *White* v. *Pease*, 15 Utah 170; *Watson* v. *Mayberry*, 15 Utah 265; Sec. 8 Art. 8, Const·

There is still another reason why this appeal should be dismissed. Rule 2 of this court requires, among other things, that the transcript shall be prefaced with an alphabetical index specifying the page upon which each separate paper, filing and the testimony of each witness is found. This requirement was wholly overlooked.

Rule 6 of this court provides that, "The appellant shall within fifteen days after the filing of the transcript, prepare and file with the clerk ten copies of a printed abstract of the record in each case, and at the same time shall serve a copy of such abstract upon the attorney for the respondent. Said abstract shall contain an index and set forth the title of the cause with the date of the filing of all papers in the court below embodied in the transcript,

and a brief statement of the contents of each pleading and paper, and shall set forth fully the substance of the pleadings, and of the evidence, if any, and the points relied upon for reversal of the judgment or decree or order appealed from, and appellant shall refer to the page numbers in the transcript on the margin of the abstract in such manner that orders, pleadings, papers and evidence referred to in the abstract may be easily found in the record."

This rule was not complied with. The abstract contains no index, and was otherwise defective. For these reasons it appears the appeal should be dismissed. This court has repeatedly called attention to these rules. A good index facilitates a careful and speedy examination of the record by this court, and unless provided by counsel the court must spend much time in making such index so it can readily refer to different parts of the record. The rule is imperative and must be obeyed.

For the several reasons given, the appeal is dismissed, with costs.