G. W. POPP, RESPONDENT, *v.* THE DAISY GOLD MINING COMPANY, A CORPORATION, APPELLANT.

RECEIVER—APPOINTED PENDENTE LITE UNDER SECTION 3114 R. S. 1898—BOND UNDER SEC. 3116 R. S. 1898—APPOINTMENT NOT FINAL ORDER UNDER SEC. 9 ART. 8 CONST.—FINAL JUDGMENT— DEFINED — ORDER — APPOINTING RECEIVER — INTERLOCUTORY — RIGHT OF APPEAL—DETERMINED BY LAW OF FORUM.

*Receiver—Appointed Pendente Lite Under Sec. 3114 R. S. 1898— Bond Uuder Sec. 3116 R. S. 1898—Appointment not Final Order Under Sec. 9 Art. 8 Const.*

Where a receiver is appointed *pendente lite*, under Sec. 3114 R. S. 1898, and a sufficient undertaking is also filed under the provisions of Sec. 3116 R. S. 1898, even although the appointment was made *ex parte*, the order appointing is not a final order from which an appeal will lie under Sec. 9 Art. 8 Const.

*Final Judgment—Defined.*

A final judgment from which an appeal will lie under Constitution, Art. 8, section 9, is that adjudication which finally disposes of the subject matter of the litigation on the merits of the case.[1]

*Order—Appointing Receiver—Interlocutory—Right to Appeal—Determined by Law or Forum.*

Technically speaking every order appointing or denying the application for the appointment of a receiver, this interlocutory, and the question of the right to appeal from such an order must be determined by the law of forum.

( Decided Dec. 6, 1900.)

---

[1] *North Point Irr. Co.* v. *Canal Co.*, 14 Utah, 155; *Eastman* v. *Gurry*, 14 Utah, 169; *White* v. *Pease*, 15 Utah, 172; *In re Kelsey*, 12 Utah, 393; *Church* v. *U. S.*, 5 Utah, 394; *Nelson* v. *Southern Pac. Co.*, 15 Utah, 325.

*Ogden City* v. *Bear Lake etc., Co.*, 16 Utah, 440, distinguished.

Appeal from the Third District Court Tooele County. Hon. A. N. Cherry, *Judge.*

From an order appointing a receiver *pendente lite* defendant company appealed.    *Dismissed.*

*Messrs. Frick & Edwards*, for appellant.

*C. S. Patterson, Esq.*, and *George W. Moyer, Esq.*, for respondent.

Miner, J.

This appeal is prosecuted by the defendant from an order *pendente lite* appointing a receiver to take charge of the property of the defendant consisting of mining claims until the further order of the court.    The application for the appointment of the receiver was based upon averments in the complaint.    An undertaking was filed in accordance with the statute.    The appellant filed a demurrer to the complaint, which was overruled, and this appeal was prosecuted.

Subd. 5 of Sec. 3114 R. S., 1898, provides that a receiver may be appointed by a court or judge in cases where a corporation has been dissolved or is in insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

Sec. 3116, provides that where a receiver has been appointed upon an *ex parte* application, the court may require the applicant to file an undertaking with sufficient sureties conditioned that the applicant shall pay to the defendant all damages he may sustain by reason of such appointment, and an additional undertaking may there-after be required.

In this case a sufficient undertaking was filed in accordance with the order.

The respondent moves to dismiss the appeal for the reason that the order appealed from is not a final order or judgment, and no appeal can be taken therefrom.

The order appealed from continued until the further order of the court, and was effectual only during the pendency of the action, or until it was annulled by the court for any sufficient reason.

The appointment of a receiver is largely a matter of sound judicial discretion, and after the trial court has weighed and considered the facts and appoints, or refuses to appoint a receiver the appellate court will not interfere with the exercise of that discretion. The appointment of a receiver to take charge of property *pendente lite* is generally considered an interlocutory order and not appealable. High on Receivers, Secs. 25, 26.

Similar questions have been passed upon by this court both prior to and since the adoption of our Constitution, and the rule has been established that a final judgment is that adjudication that disposes of the case as to all the parties and which finally disposes of the subject-matter of the litigation on the merits of the case. *North Point Irr. Co. v. Utah Canal Co.*, 14 Utah, 155; *Champ v. Kendrick*, 30 N. E. 635.

Bouvier defines a final judgment as "A final judgment is a judgment which ends the controversy between the parties litigant."

The general rule recognized by the courts of the United States, and by courts of most, if not all of the states is that no judgment or decree will be regarded as final within the meaning of most of the statutes in the several states in reference to appeals unless all issues of law and of fact necessary to be determined were determined and the case completely disposed of so far as the court had power to dispose of it. Freeman on Judgments, Sec. 34.

In the case of the *North Point Irr. Co.* v. *Utah & Salt Lake Canal Co.*, 14 Utah, this court held that an order made *pendente lite* granting a temporary injunction, was not a final judgment from which an appeal would lie, under Sec. 9, Art. 3 of the Constitution.

In *Eastman* v. *Gurry*, 14 Utah, 169, this court held that the constitution had taken away the right of appeal from an order vacating and setting aside a judgment, and that such an order was not a final judgment from which an appeal would lie.

In the case of *White* v. *Pease*, 15 Utah, 172, this court held that an order refusing to grant a new trial came within the rule laid down in the above cases, and that such an order is not a final judgment from which an appeal would lie to this court under our constitution.

*In re* Lewis P. Kelsey, 12 Utah, 393, this court held that an order requiring a party to pay temporary alimony, costs and counsel fees during the pendency of a suit was not a final judgment from which an appeal would lie.

In the well considered case of the *Church* v. *United States*, 5 Utah, 394, under Sec. 692 R. S., U. S., the territorial supreme court held that an order appointing a receiver is not a final decree and could not be appealed from, to the Supreme Court of the United States. The section referred to provides that appeals shall be allowed from final judgments.

In *Nelson* v. *Southern Pacific Co.*, 15 Utah, 325, it is held that no appeal lies from an order overruling a motion for a new trial because the order is not final.

Under the practice and procedure of the State of Nevada, it is held that an appeal will not lie from an interlocutory order appointing a receiver, and that the action of the inferior court in such matters can only be

revised upon appeal from a final judgment in the case. *Meadow Valley Min. Co.* v. *Dodds*, 6 Nev. 261.

In Pennsylvania, where an appeal lies only from a final order or decree, an order granting an injunction and appointing a receiver upon the filing of a bill for the settlement of partnership affairs is not such a final order within the intent of the statute, and no appeal will lie therefrom, it being a purely interlocutory matter. *Holden's Administrator* v. *McMakin*, Par. Eq. Cas. 270.

In Ohio it is held that an order appointing a receiver is not a final order from which an appeal will lie. *Eaton & Hamilton R. Co.* v. *Varnum*, 10 Ohio St. 622.

In Illinois, in the absence of legislation, a writ of error will not lie from a purely interlocutory order appointing a receiver, no final decree having been rendered determining the rights of the parties. *Coates* v. *Cunningham*, 80 Ill. 467.

Since the above decision was rendered statutes have been passed in Illinois allowing appeals from interlocutory orders for the appointment of receivers.

In Tennessee, an order appointing a receiver being within the discretion of the court for the purpose of preserving the property *pendente lite*, cannot be appealed from. *Baird* v. *Turnpike Co.*, 1 Lea. 394; *Bramley* v. *Tyree*, 1 Lea. 531; *Roberson* v. *Roberson*, 3 Lea. 50.

Such an interlocutory order must be reversed or modified by the same court, otherwise it can only be corrected upon appeal after final hearing. *Johnston* v. *Hanner*, 2 Lea. 8.

So in California, under the statutes regulating appeals, no appeal lies from an order appointing a receiver. *French's Bank Case*, 53 Cal. 495; *Emeric* v. *Alvarado*, 64 Cal. 529.

In Kansas, an order appointing a receiver is not a final

order involving the merits of the action, but a mere interlocutory order from which no appeal lies. *Hottenstein* v. *Conrad*, 5 Kas. 249; *Boyd* v. *Cook*, 40 Kas. 675.

In Texas, the appointment of a receiver upon an interlocutory order, there being no adjudication upon the merits of the case, is not a final judgment from which an appeal will lie. *Lumber Co.* v. *Williams*, 71 Tex. 444.

In Mississippi an appeal will not lie from an order vacating the appointment of a receiver. *Hanon* v. *Weil*, 69 Miss. 476.

Under the statutes of Michigan it is held that in some cases appeals will lie from orders appointing receivers, but the question had been made to turn upon whether the appointment of a receiver is a substantial decision of the merits involved, or whether it is merely ancillary, or incidental to the principal relief.

In New York, an appeal will lie from an order denying a motion for the appointment of a receiver because under the Code of that state the court may review all orders which affect a substantial right, even though they rest in the discretion of the court.

So, in Nebraska, under a statute authorizing appeals from orders which affect a substantial right, an interlocutory order appointing a receiver may be appealed from.

As a general rule appeals will not lie in such cases unless the judgment is final. High on Receivers, Secs. 26, 65; Beach on Receivers, Secs. 109, 111, 113; *Dainese* v. *Kendall*, 119 U. S. 53; *Rolfe* v. *Burnham*, 68 N. W. 980; 3 Pom. Eq. Jur. Sec. 1331; *Ostrander* v. *Weber*, 114 N. Y. 95; *Hancock* v. *McAvoy*, 151 Pa. St. 464; *Lodge* v. *Twell*, 135 U. S. 232; Freeman on Judgments, Sec. 34.

Upon an examination of the authorities it will be found that the question as to whether an appeal can be taken

from an order appointing a receiver, or not, depends entirely upon the statute and practice in the jurisdiction where the question arises. In many jurisdictions appeals lie only from final orders or judgments, while in others under statutory provisions appeals may be taken from interlocutory orders affecting the rights of the parties. Technically speaking, every order appointing or denying the application for the appointment of a receiver is interlocutory, and the question of the right to appeal from such an order must be determined by the law of the forum.

Sec. 9, Art. 8, Const., provides that "From all final judgments of the district court there shall be a right of appeal to the supreme court."

Under this provision, as we have seen, this court has uniformly held that no appeal lies to this court except from a final judgment, and that the judgment to be final must dispose of the case as to all the parties and finally dispose of the subject-matter of the litigation.

The order appointing the receiver in this case was interlocutory. It continued in force until the further order of the court. A bond was executed to the defendant sufficient to cover any damage that might arise on account of the order. The litigation out of which the order grew was not determined; it was still pending and undetermined as to the parties and subject-matter.

In the case of *Ogden City* v. *Bear Lake & River Water Works Co.*, 16 Utah, 440, it was held, by the then Chief Justice, that such an order was appealable, but this holding was not concurred in by all the members of the court, and the case was dependent upon a different state of facts. In that case at the time the court denied the application for a writ of *certiorari* and permitted, without argument, an appeal to be taken from an order

appointing a receiver, the case of the *United States* v. *Church*, 5 Utah, 394, had not been called to the attention of the court. The rule as announced is only decisive of that case.

The legislature in its wisdom has required a bond to be given for the protection and indemnity of the party injured by reason of the appointment of a receiver. Undoubtedly cases may arise when an order appointing a receiver could be appealed from as from a final judgment.

The interlocutory order appointing the receiver *pendente lite* was within the sound judicial discretion of the district court, and was not a final judgment within the meaning of our constitution from which an appeal will lie to this court.

The motion to dismiss the appeal is granted, and said appeal is hereby dismissed, with costs.

BARTCH, C. J., and BASKIN, J., concur.