Musser v. Edmunds et al.

---

A. MILTON MUSSER, Appellant, v. J. W. EDMUNDS, Administrator of the Estate of Josiah H. E. Webster, Deceased, and GEORGE Q. CANNON & SONS, a Corporation, Respondents.

Appeal dismissed on authority of Standard Steam Laundry v. Dole; 20 Utah, 469; 58 Pac. 1109; and Popp v. Daisy Gold Mining Co., 22 Utah, 457; 63 Pac. 185.

Decided April 23, 1901.

Appeal from the Third District Court, Salt Lake County.— *Hon. Ogden Hiles,* Judge.

Action for an accounting and an injunction *pendente lite.* From an interlocutory judgment for an accounting plaintiff appealed.

APPEAL DISMISSED.

*Messrs. Wilson & Smith, Richard B. Shepard, Esq., Harrison D. Shepard, Esq.,* and *Allen T. Sanford, Esq.,* for appellant.

*Messrs. Frick & Edwards* and *John M. Cannon Esq.,* for respondents.

BASKIN, J.—The character of this action is shown by the following quotation from the prayer of the complaint: "Wherefore, plaintiff demands judgment against said defendant Josiah H. E. Webster, for a full, true and correct accounting of all moneys, funds and resources of whatever kind and nature connected with the affairs of the partnership existing between said plaintiff and said defendant, Webster, pertaining to said co-partnership. That during the pendency of this suit Josiah H. E. Webster be enjoined and restrained from appropriating any moneys belonging to said co-partnership, now in his hands, or collect any account due said co-partnership until an accounting is had in this matter; and that a receiver be appointed to take charge of the assets of said co-partnership during the pendency of this action, and that the court adjudge and decree to this plaintiff the sum of $5,000 upon said accounting, which is due said plaintiff upon said co-partnership."

The defendant, Josiah H. E. Webster, set out in his answer, facts under which he claimed that the plaintiff was not entitled to an accounting, and prayed that it be adjudged that the plaintiff take nothing in the action.

Upon a hearing of the case, the trial court, among other findings of fact, found: "That after the plaintiff became a member of said co-partnership, considerable sums of money were collected for and on account of the said co-partnership, and considerable sums were disbursed on account of the expenses thereof; but how much such collections and disburse-

ments amount to, and what balance, if any, there remains due to plaintiff upon a true accounting can not be determined from the evidence elicited at the trial. That the said defendant, Josiah H. E. Webster, has refused to give plaintiff a true accounting of the said partnership transactions, and the evidence shows that the books, papers, vouchers and other evidence which are requisite to make the true accounting between plaintiff and defendant are in the possession and under the control of the defendant, and he has refused to give plaintiff inspection thereof, and at the time of the trial he was out of the jurisdiction of the court."

As a conclusion of law, the court found that the plaintiff was entitled "to have a true and just account of all moneys received and all moneys disbursed for and on account of the said partnership between them, and to pay over to the plaintiff any balance which there may be found due him on said accounting; and that plaintiff have judgment therefor, and for his costs in this suit;" and thereupon "Ordered, adjudged and decreed that the plaintiff by his said assignment to Rossiter did not forfeit his rights and interest under his said contract of partnership with the defendant Webster; nor his right to have a true and just account of all moneys received and all moneys disbursed for and on account of the said partnership between them and to pay over to the plaintiff any balance which there may be found due him on said account, and that plaintiff have judgment therefor, and for his costs in this suit."

It does not appear that any receiver was appointed. The plaintiff took no further steps in respect to an accounting, but appealed from the said judgment of the court.

The respondents move to dismiss the appeal on the ground that the judgment appealed from is not final and that therefore an appeal does not lie from the same.

On the authority of Standard Steam Laundry v. Dole, 20 Utah 469, 58 Pac. 1109, and Popp v. Daisy Gold Min. Co., 22 Utah 457, 63 Pac. 185, decided by this court, it is ordered that the appeal be dismissed, and that the appellant pay the costs of the appeal. *Bartch J.,* and *Hart, D. J.,* concur.