In the Matter of the Estate of JONATHAN M. WIL-
LIAMSON, Deceased; BOYD PARK, as Executor
of said Estate, Petitioner and Respondent, v. NAT
C. FURMAN, WILLIAM G. FURMAN, ABBIE
MUMMERT, MABEL DOBSON, MRS. J. W.
OGDEN, MRS. WILLIAM J. BUCKINGHAM,
MRS. CATHMAR STAMPS, JESSE WILLIAM-
SON and WILLIAM ERWIN WILLIAMSON,
Objectors and Appellants.

### No. 1432.    (72 Pac. 2.)

**Appeal—Final Order—Order for Sale of Real Estate.**
An order directing the sale, by an executor, of his decedent's real
estate, is not a final order within the meaning of Constitution,
article 8, section 9, and Revised Statutes 1898, section 3300,
providing that appeals shall lie from the final orders and de-
crees of the district court in the administration of decedent's
estates.[1]

## (Decided April 13, 1903.)

### Appeal from the Third District Court, Salt Lake County.—*Hon. W. C. Hall*, Judge.

Petition for permission to sell real estate. Upon
the hearing of the petition the district court granted,
against the objections of the appellants, an order direct-
ing the sale. From the order directing the sale, the ob-
jectors appealed.

DISMISSED.

---

[1] Steam Laundry v. Dole, 20 Utah 469; 58 Pac. 1109; Wilson v.
Meyer, 23 Utah 529; 65 Pac. 488; Musser v. Edmunds, 23 Utah 425;
64 Pac. 1105; Ogden City v. Bear Lake & R. W. W. & I. Co., 16 Utah
440, 41 L. R. A. 305; 52 Pac. 697; Popp v. Mining Co., 22 Utah 457;
63 Pac. 185.

*Richard B. Shepard, Esq.,* and *Harrison O. Shepard, Esq.,* for appellants.

*Messrs. Pierce, Critchlow & Barrette,* for respondent.

BARTCH, J.—The appellants claim to be the residuary devisees and legatees under the will of Jonathan M. Williamson, deceased, whose estate is now in process of settlement in court. It appears that the respondent, Park, who is the executor under the will, for the purpose of paying the expenses of administration, family allowance, etc., filed, on November 14, 1901, a petition praying to be permitted to sell a portion of the real property belonging to the estate. Upon the hearing of the petition, the district court, sitting as a court of probate, granted, against the objections of the appellants, an order directing the sale by the executor of a certain portion of the real estate, in accordance with the prayer of the petition. From that order this appeal was prosecuted.

The respondent at the very outset challenges the standing of the appellants in this court, on the ground that under our Constitution and laws no appeal lies from such an order, because, as is insisted, it is not a final order. The Constitution, in section 9, article 8, so far as material here, provides: "Appeals shall also lie from the final orders and decrees of the court in the administration of decedent estates, and in cases of guardianship, as shall be provided by law." By statute (section 3300, Revised Statutes 1898) it is provided: "Appeals shall also lie from the final orders and decrees of the court in the administration of decedent estates." Under these provisions of the Constitution and statute it is clear beyond controversy that an appeal lies from the final orders as well as from the final decrees of a court made in the administration of decedent estates. The question remains, however, whether the order in dispute was a final order. We are of the opinion that

this must be answered in the negative. A final order, as contemplated by the Constitution, is such an order as finally disposes of the subject as to which the order is made, so that the parties can proceed no further as to that branch of the proceeding or litigation. The order appealed from in this case was not such an order. The proceeding instituted by the application for the sale of the real estate had not been finally concluded. It had not yet become effective so as to put an end to the controversy respecting the sale of the property. There yet remained several requisites to be performed—the giving of notice of sale, the making of the sale, and the confirmation of sale—before the proceeding could become effective to pass title, and operate as a bar to a similar application for sale of the same property. It is clear that such an order is not final within the meaning and intent of the Constitution and statute. The object of the Constitution evidently is to prevent successive appeals where one will answer every purpose, and thus prevent the prolonging of litigation and the incurring of additional and useless expense. After the sale has been advertised, the property sold, and the sale confirmed, or confirmation refused, then any aggrieved party in interest has the right to appeal, and to have the proceeding reviewed. This case falls within the principles announced on several occasions by this court respecting the right of appeal under our laws. Steam Laundry v. Dole, 20 Utah 469, 58 Pac. 1109; Wilson v. Meyer, 23 Utah 529, 65 Pac. 488; Musser v. Edmunds, 23 Utah 425, 64 Pac. 1105; Ogden City v. Bear Lake & R. W. W. & I. Co., 16 Utah 440, 52 Pac. 697, 41 L. R. A. 305; Popp v. Mining Co., 22 Utah 457, 63 Pac. 185. The order here under consideration is analogous to an order in partition, determining the rights of the parties to have the partition made, appointing the commissioners to make the same and report their findings to the court. As to such an order in partition the Supreme Court of California in Hastings v. Cunningham, 35 Cal. 549, said: "The order for a partition, or for a

sale in case a partition cannot be made without great prejudice to the owners, is not the final judgment in the action. They are to be succeeded by a judgment confirming the partition or sale.'' Gates v. Salmon, 28 Cal. 320; Peck v. Vandenberg, 30 Cal. 11.

Appeal dismissed. Costs of appeal to be taxed against the appellants.

BASKIN, C. J., and McCARTY, J., concur.