# FERRIS v. MODERN WOODMEN of AMERICA.

## No. 1642 (81 Pac. 141).

APPEAL — ABSTRACT—TRANSCRIPT—ASSIGNMENT OF ERRORS—RULES—DISMISSAL.—Where neither the transcript on appeal nor the abstract contains any assignment or specifications of error, nor any points relied on for a reversal of the judgment, as required by rules 6 (49 Pac. xi) and 26, the appeal will be dismissed.[1]

(Decided June 6, 1905.)

APPEAL from District Court, Weber County; H. H. Rolapp, Judge.

Action by Mary Elizabeth Ferris against the Modern Woodmen of America. From a judgment for plaintiff, defendant appeals.

DISMISSED.

*W. L. Maginnis* and *Chas. Stout* for appellant.

*A. G. Horn* and *A. W. Agee* for respondent.

PER CURIAM.

This action was brought by the plaintiff as the widow and beneficiary of Patrick Thomas Ferris, deceased, to recover upon a policy of insurance, issued in favor of Mr. Ferris by the defendant corporation in the sum of $2,000. At the trial the jury returned a verdict in favor of the plaintiff for the amount of the policy, and, upon judgment being entered accordingly, the defendant appealed.

The appellant is met at the very threshold with the contention, by the respondent, that the abstract does not conform to the rules of this court, and that therefore this judgment

---

[1] Steam Laundry Co. v. Dole, 20 Utah 469, 58 Pac. 1109.

should be affirmed; and we are of the opinion that this contention ought to be sustained. Rules 6 (49 Pac. XI), and 26 have both been violated in the preparation of the abstract. The former rule provides that the abstract shall set forth fully "the points relied upon for a reversal of the judgment," and the latter provides: "At the end of each assignment of error, reference must be made to the page or pages of the abstract containing the exception upon which such error, so assigned, is based." The provisions of the rules should be substantially complied with in all cases, but in this instance no attempt has been made to comply with them. Neither the transcript nor the abstract contain any assignment or specification of error, nor any points relied upon for a reversal of the judgment. The provisions referred to were designed not merely for the aid and convenience of this court, but also for the purpose of giving opposing counsel timely notice of the points intended to be urged before this court, and thus avoid delay in the preparation of their briefs, and consequent delay in the final determination of the litigation. The importance of a substantial compliance with these rules is thus apparent. They are imperative, and must be obeyed. (*Steam Laundry Co. v. Dole,* 20 Utah 469, 58 Pac. 1109.)

For these reasons this appeal will be dismissed, with costs, and the judgment affirmed. It is so ordered.