## IDA V. POLAND *vs.* ZENAS LOUD.

## Lincoln.    Opinion April 1, 1915.

*Assignee.    Deed.    Equitable Defense.    Equity.    Life Estate.    Mortgage.*
*Trespass quare clausum.*

An action of trespass quare clausum.

R. conveyed a life estate in his farm to his wife Ruth, his children to have a home thereon as theretofore accustomed; upon the decease of R., the wife, Ruth, entered into possession and Z., one of the children, had a home upon the premises; some years later, the wife brought a writ of entry against Z. demanding a life estate in the premises; to this action defendant Z. set up, by brief statement, an equitable defense; upon hearing, the court decreed that the case is to be determined under the rules of equity, that defendant has the equitable right to the same occupation of the premises as before the death of the father R., and that, in case of disagreement of the parties as to the nature of the occupation to be enjoyed by Z., the question is to be determined by the court; subsequently to the decree, the wife, Ruth, conveys to the present plaintiff, Poland, who brings this action of trespass.

*Held:*

1.    That the action of the wife, Ruth, against defendant became to all intents and purposes a cause in equity save in matters of form in pleading and procedure.

2.    That while this action is not by the language of the decree expressly retained, it is by implication and quite as effectually.

3.    That a final decree is that which fully decides and disposes of the whole cause, leaving no further question for the future consideration and judgment of the court.

4.    That whether or not the decree was treated as final and the case improvidently dropped from the docket is immaterial.    The cause is still pending.

5.    That the present plaintiff, Poland, the assignee of the former plaintiff, having failed to agree with defendant, the contingency provided for in the decree has arisen and she should become a party to that suit in order that the particular occupancy to which defendant is entitled may be assigned him.

6.    That a bill in equity in the nature of a supplemental bill is not necessary, to enable her to become a party, but she may file an amendment under Equity Rule XXI.

On agreed statement of parties whereby this court may render such judgment in law, or make such decree in equity, as the rights of the parties may require, irrespective of the form of action.

Plaintiff nonsuit.

This is an action of trespass quare clausum to recover damages for trees cut by defendant, upon land alleged to belong to the plaintiff. The defendant pleaded the general issue, with brief statement of equitable matters in defense, based upon the provisions of the deed of Robert Loud to Ruth Loud, his wife, of his farmstead.

The case is stated in the opinion.

*R. I. Thompson*, for plaintiff.

*W. M. Hilton*, for defendant.

SITTING:  SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

BIRD, J.  This is an action of trespass quare clausum to recover damages for trees cut by defendant upon land alleged to be of plaintiff.  The defendant pleaded the general issue with brief statement of equitable matters in defense based upon the provisions of the deed hereinafter referred to, the character of defendant's occupancy of the premises and a former decree in equity.  The case is before us upon agreed statement of the parties whereby this court "may render such judgment in law, or make such decree in equity as the rights of the parties may require, irrespective of the form of action."

The facts are, stating them as briefly as may be:  One Robert Loud, having title to a farmstead, on the ninth day of October, 1897, a few days before his death, conveyed a life estate in the premises to his wife, Ruth Loud," she to have the care and custody of the same, but not to make any unnecessary waste or use thereof, and the understanding is, that my children shall continue to come and go, and have a home on the place, as they have been accustomed heretofore, and at the decease of my said wife, said property or estate, or whatever remains shall descend in order of law to my said children or their representatives."  It is under this clause, quoted from the deed, that the controversy between the parties arises.

The defendant, Zenas Loud, was one of the children referred to. Upon the decease of Robert Loud, Ruth Loud entered into possession and Zenas Loud enjoyed a home upon the premises.  In 1905 or 1906, however, Ruth Loud brought her writ of entry against Zenas

Loud demanding a life estate in the premises described in the deed. To this action the defendant pleaded the general issue and, by brief statement, an equitable defense setting up his rights under the deed of his father and his enjoyment of a home upon the premises during the life of his father and since his death. The cause was heard by the court and it was decreed:—

"First: That this case is to be determined under the rules of equity.

"Second: That the equitable rights of the defendant in the premises described are:

"1st. To occupy the house, outbuildings and farm as he has been accustomed to prior to his father's decease.

"2nd: In case of a failure of the parties to agree as to what occupancy of the house, outbuildings and farm in the language of the deed constitute 'a home on the place as they (including Zenas) have been accustomed to heretofore,' then this question of fact is to be determined by the Court and the particular occupancy to which Zenas is entitled shall thereby be assigned to him."

By deed of December 16, 1913, Ruth Loud conveyed the premises to the plaintiff who at the same time gave the former a bond for her support secured by mortgage of the interest conveyed.

The court having determined and decreed that the case of *Ruth Loud* v. *Zenas Loud* was to be determined under the rules of equity, the case became to all intents and purposes a cause in equity, save in matters of form in pleading and procedure: R. S., Chap. 84, Secs. 14, 17, 19, 21: *Miller* v. *Packing Co.*, 88 Maine, 605, 611, 615; *Hussey* v. *Fisher*, 94 Maine, 301, 306; *Hurd* v. *Chase*, 100 Maine, 561, 564; *Clark* v. *Chase*, 101 Maine, 270, 277, 278; *Martin* v. *Smith*, 102 Maine, 27, 31; *Bradley, etc., Co.* v. *Mfg. Co.*, 104 Maine, 203, 207.

While the action is not by the language of the decree expressly retained, it is by implication and quite as effectually. A final decree is that which fully decides and disposes of the whole cause leaving no further question for the future consideration and judgment of the court. *Gilpatrick* v. *Glidden*, 82 Maine, 201, 203: See *Lothrop* v. *Page*, 26 Maine, 119; see also *Gerrish* v. *Black*, 109 Mass., 474, 477; *Forbes* v. *Tuckerman*, 115 Mass., 115, 119. Whether the decree recited above was treated as a final decree and the case improvidently dropped from the docket is immaterial. It is still pending.

The present plaintiff, the assignee of Ruth Loud, has failed to agree with defendant and the contingency provided for in the decree has arisen. To the proceedings in which that decree was entered, the plaintiff in this suit may become a party in order that the particular occupancy to which defendant is entitled may be assigned to him. To enable her thus to become a party, a bill in equity in the nature of a supplemental bill would formerly have been necessary, *Mason* v. *Y. & C. R. R. Co.*, 52 Maine, 82, but the same result may be now accomplished by amendment, served as such bill should be served. XXI Equity Rules: . See *Collins* v. *Snow*, 218 Mass., 542, 545. The motion for such amendment should be accompanied, if the case is no longer upon the docket, by a petition asking that the action be brought forward. Or defendant may file such petition or motion at any time.

Until the nature of the occupancy to which defendant is entitled has been determined and assigned to him by decree, in the suit brought by Ruth Loud, an action at law by the present plaintiff, even if ever maintainable, which will depend largely, if not wholly, upon the nature of such decree, is at least prematurely brought.

*Plaintiff nonsuit.*