[Civ. No. 13948. First Dist., Div. One. May 3, 1949.]

THE MOST WORSHIPFUL SONS OF LIGHT GRAND LODGE ANCIENT FREE AND ACCEPTED MASONS, JURISDICTION OF CALIFORNIA (a Nonprofit Corporation) et al., Appellants, v. SONS OF LIGHT LODGE NUMBER 9 et al., Respondents.

Goldstein, Lewis & Barceloux for Appellants.

Hagerty, Schneider & Abrams, Sol A. Abrams and Anthony E. O'Brien for Respondents.

PETERS, P. J.—This is a motion by respondents to dismiss an appeal on the ground that the judgment appealed from is interlocutory and therefore not appealable.

The present motion affects but one of the two appeals now pending between these parties. It appears from the record that respondents had been affiliated with appellants in a grand lodge and subordinate lodges of a Negro Masonic fraternity. Respondents withdrew their affiliation from appellants, claiming that the latter had falsely and fraudulently represented that they were the lawful and exclusive Masonic lodges in California for Negroes. Upon such withdrawal the respondents became affiliated with another grand lodge and retained and refused to give up certain assets of the lodges involved. Appellants thereupon commenced an action to recover from respondents the lodge paraphernalia, books, bank accounts, money, etc., claimed by appellants, and to restrain them from using the lodges' names. Respondents cross-complained for

$100,000 damages for fraud, and for an accounting for all sums of money received by appellants from respondents as initiation fees, dues, taxes and assessments. After a lengthy trial the court entered a "memo judgment" in favor of respondents "for an accounting as prayed" and denying any relief to appellants. Thereafter, findings and conclusions of law were signed and filed. So far as pertinent here, after reciting the facts giving rise to the controversy, and after finding that appellants were guilty of fraud in various detailed respects, it is found that appellants have possession of the records showing the payments made by respondents, and that respondents have no records from which said amounts can be computed. Findings are then made denying any relief to appellants. It is then found that, although respondents were damaged by the fraud of appellants, sufficient competent and material evidence was not introduced by respondents from which the extent thereof can be computed. The judgment thereafter entered reads as follows:

". . . IT IS ORDERED, ADJUDGED AND DECREED as follows:

"1. That the plaintiffs and cross-defendants are entitled to and shall take nothing by their amended complaint on file herein.

"2. That plaintiffs and cross-defendants and cross-defendant Pough shall be and hereby are ordered to account to defendants and cross-complainants for all sums of money received by plaintiffs and cross-defendants and cross-defendant Pough, or any of them, in the form of initiation fees, dues, taxes, and assessments from said individual defendants and cross-complainants and members of defendant and cross-complainant lodges. That upon said accounting plaintiffs and cross-defendants and cross-defendant Pough, and all of them, shall be charged interest on said sums of money so received by them, and that upon said accounting defendants and cross-complainants shall be and hereby are adjudged entitled to receive from plaintiffs and cross-defendants and cross-defendant Pough the amounts of money so found to be received by plaintiffs and cross-defendants and cross-defendant Pough, or any of them." It is the appeal from this judgment that respondents now seek to have dismissed.

From the papers filed on this motion, it appears that, after the notice of appeal was filed, respondents applied to the superior court for an order appointing a referee to take the accounting. Thereafter, a different trial judge than had entered the judgment denied the application and, in addition, recited

in his order that the judgment involved "is not an interlocutory judgment, and does not provide or contemplate for the further taking of an accounting by either a Court or a referee or master, and said judgment is a final determination of the matter . . . and is a final judgment, and said motion for reference is hereby denied." In their points and authorities in support of the motion to dismiss, respondents state that no copy or other notice of the entry of this order was ever served upon their attorneys. It is admitted that respondents have not appealed from this last order.

■ Respondents base their present motion on the contention that the original judgment ordering an accounting was interlocutory and not final. With this contention we must agree. This precise problem has recently been passed upon by Division Two of this court in *David* v. *Goodman,* 89 Cal. App.2d 162 [200 P.2d 568]. In that case the appellate court dismissed the appeal on its own motion even though both parties to the appeal strongly argued that the judgment involved was a final judgment. The trial court there canceled a partnership agreement and directed an accounting and division of profits by a judgment final in form and, as here, without providing for the appointment of a referee. The appellate court held that the judgment was interlocutory and not appealable. The judgment there involved was substantially similar to the one here involved. Its pertinent parts read as follows:

"II. That the defendant and cross-complainant shall forthwith account for and pay and return to plaintiff and cross-defendant herein, any and all monies [sic] or other property belonging to said business which was obtained or retained or appropriated by him or converted to his own use or invested by him in real estate or other property of any kind or character, other than . . .

"III. Pending such complete accounting by defendant and cross-complainant and the return by him to plaintiff and cross-defendant of all monies [sic] and property belonging to said business and obtained, or retained or appropriated by him, said defendant . . . shall be and he is hereby enjoined . . . from parting with, . . . any property . . .

"IV. That when defendant . . . shall have fully and satisfactorily accounted to plaintiff . . . for such monies [sic] and other property belonging to said business, and when said monies [sic] and property shall have been paid and returned

to plaintiff . . ., said defendant and cross-complainant shall be allowed and paid a sum equal to one-half (½) of the net profits earned by said business . . . from the 9th day of March, 1946, to the 4th day of November, 1946, less any monies [sic] received by or paid to said defendant . . .' "

The appellate court first discussed the general law applicable as follows (p. 165) : " ' 'An appeal lies only from a final judgment unless an appeal from an interlocutory degree or judgment is expressly authorized by law.' (*Bakewell* v. *Bakewell*, 21 Cal.2d 224, 226-227 [130 P.2d 975].) 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy' (*Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 557, 577 [33 P. 633] ; *Nolan* v. *Smith*, 137 Cal. 360, 361 [70 P. 166] ; *Bank of America* v. *Superior Court*, 20 Cal.2d 697, 701 [128 P.2d 357]). A judgment is final 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' (*Doudell* v. *Shoo*, 159 Cal. 448, 453 [114 P. 579].) 'The general test for determining whether the judgment is final is "that where no issue is left for future consideration except the fact of compliance or non-compliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon* v. *Goss*, 19 Cal.2d 659 [123 P.2d 11].)' (*Bakewell* v. *Bakewell, supra*, p. 227.) ''

In applying these rules to the judgment before it the appellate court stated (p. 166) : "It is clear that the judgment appealed from does not finally determine all rights of the parties in controversy. Plaintiff prayed for an accounting by defendant as well as for a determination of the validity of the agreement between the parties. An accounting was ordered but in no way settled. . . . The accounting and determination of profits left to be done are more than a mere execution of what was determined or a ministerial compliance with the terms of the decree."

The court then pointed out that, since the decision of *Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794], it has been settled that a decree fixing the basic interests of the parties, ordering an accounting, and referring the accounting to a referee is not an appealable order. The court then went on

to cite and quote from many cases holding that the failure to order a reference does not make the order a final one. (See *Gianelli* v. *Briscoe*, 40 Cal.App. 532 [181 P. 105]; *McAllen* v. *Souza*, 7 Cal.App.2d 130 [45 P.2d 832]; *Standard Steam Laundry* v. *Dole*, 20 Utah 469 [58 P. 1109]; *Musser* v. *Edmunds*, 23 Utah 425 [64 P. 1105]; *Lodge* v. *Twell*, 135 U.S. 232 [10 S.Ct. 745, 34 L.Ed. 153].) The court then concluded its discussion of this point as follows (p. 169): ''Under the above authorities we are constrained to hold that the judgment is interlocutory and . . . nonappealable. Appellant's contention that the judgment is final though objectionable for uncertainty and respondent's contention that it is final but leaves open the necessity of special orders after final judgment to carry the judgment into effect are both without merit. 'It is not the form of the decree but the substance and effect of the adjudication which is determinative.' (*Lyon* v. *Goss*, 19 Cal.2d 659, 670 [123 P.2d 11].) Although the form may seem that of a final judgment it leaves important parts of the controversy undecided and orders determination of these points by the parties. In the case before us, as well as in *McAllen* v. *Souza, supra, Standard Steam Laundry* v. *Dole, supra,* and *Musser* v. *Edmunds, supra,* the order to the parties to account and to determine certain issues must be considered as implying a reservation of jurisdiction to make, if necessary on motion, further decisions as to these points. Reservation of further action can be made as effectually by implication as by express language. (*Poland* v. *Loud,* 113 Me. 260 [93 A. 549, 550].) Such possible further decisions cannot be considered as special orders after final judgment, as in substance the judgment before us is not final and the further decisions which may be required will decide essential parts of the case as brought into court. *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696], on which the parties rely, and other cases of the same kind are not in point, as what was left to be done was more ministerial in character than the accounting here ordered. In *Gunder* v. *Gunder, supra,* the Zappettini case is distinguished because no accounting was involved and in *Hallar* v. *Saline Products, Inc.,* 3 Cal.2d 80, 82 [43 P.2d 273], it was held not only that the Zappettini case might be distinguished ' ''but even if this were not so, said case would have to be considered as modified to conform to the holdings'' referred to, i.e., the Gunder case.' ''

This reasoning is conclusive here. In the instant case the accounting ordered in the judgment is not a mere mathematical

computation. It will require an ascertainment of the amounts paid by respondents to appellants over several years as initiation fees, dues, taxes, and assessments. The dates of all such payments must be ascertained. The respondents have kept certain bank accounts of the lodge, and whether such accounts include any of the disputed amounts must be ascertained. These are judicial questions. They should be passed upon before the case is reviewed on appeal, so that the entire controversy can be settled on one appeal. Incidentally, one of appellants' main points urged on the appeal is that the judgment is void for uncertainty because it fails to fix the amount due from appellants to respondents. This indicates that even in appellants' minds further judicial action is required before the rights of the parties will be finally determined. For this, and the other reasons heretofore given, it must be held that, as a matter of law, the judgment is interlocutory and not appealable.

This brings us to a discussion of the second major point involved, and that is the legal effect (if any) of the order made by the trial court subsequent to the taking of the appeal to the effect that the judgment was a final judgment. It is appellants' position that the superior court had jurisdiction to interpret its judgment, that it has done so, and that such interpretation has become final and is now *res judicata*. Such contentions are all unsound.

As already pointed out, the judgment entered was, as a matter of law, interlocutory in nature. After the denial of the motion for a new trial, the lower court had no power to modify or to change the nature of that judgment, except, perhaps, by proper motion made under sections 473, 663, or 663a of the Code of Civil Procedure. Admittedly, no motion was ever made under those sections. What was done was to file an application for the appointment of a referee. When that motion came on for hearing the trial court had no jurisdiction to change the judgment already entered from an interlocutory one to a final one by a mere declaration to that effect. It was limited to a granting or denial of the request to appoint a referee. It could have appointed a referee, or it could have ordered the accounting directed by the judgment, to be taken by the court. But it had no jurisdiction to determine that the judgment was a final one, when, as a matter of law, it was interlocutory. Its determination to that effect was simply beyond its jurisdiction and void. (*Dolan* v. *Superior Court*, 47 Cal.App. 235 [190 P. 469].) Failure to appeal from such

a void order in no way affected the rights of the parties. (*Stanton* v. *Superior Court,* 202 Cal. 478 [261 P. 1001] ; see, also, *Felton Chemical Co.* v. *Superior Court,* 33 Cal.App.2d 622 [92 P.2d 684].) Moreover, since the order purporting to modify and change the judgment from an interlocutory to a final one was void, it did not change the nature of the judgment, and therefore was not a special order after final judgment. It was therefore nonappealable and may be changed at any time before entry of a final judgment.

Appellants place great reliance on *Hough* v. *Hough,* 26 Cal. 2d 605 [160 P.2d 15], in support of their contention that the ruling on the application for the appointment of a referee that the judgment was a final one is now *res judicata.* That case properly held that a ruling made on an application to modify a divorce decree, which ruling had become final, was *res judicata.* This power was exercised pursuant to the express provisions of section 137 of the Civil Code conferring jurisdiction on the superior court to modify divorce decrees at any time insofar as they relate to support. In passing on such an application the trial court obviously has the power to interpret the decree in order to determine what it is being asked to modify. The case has no application at all to the controversy now before this court.

 Appellants also point out that, some time ago, they petitioned the appellate court for a writ of *supersedeas* in connection with the appeal. In that proceeding respondents opposed the petition, on several grounds, one being that the judgment was interlocutory. The petition was denied without prejudice to its renewal. It is now urged that if the judgment is interlocutory, the court should have dismissed the appeal of its own motion, and, by failing to do so, impliedly ruled that the judgment was a final one. The denial of the petition for *supersedeas* without prejudice cannot be so construed. Such a denial, except in most unusual cases, of which this is not one, is not *res judicata* of anything. (*Funeral Dir. Assn.* v. *Board of Funeral Dirs.,* 22 Cal.2d 104 [136 P.2d 785] ; *McDonough* v. *Garrison,* 68 Cal.App.2d 318 [156 P.2d 983].)

For the foregoing reasons the motion to dismiss the appeal from the judgment in San Francisco Superior Court Action *356496* is granted.

Ward, J., and Bray, J., concurred.