[No. A076631. First Dist., Div. Four. Dec. 3, 1997.]

CALIFORNIA COURT REPORTERS ASSOCIATION, INC., et al., Plaintiffs and Appellants, v.
JUDICIAL COUNCIL OF CALIFORNIA et al., Defendants and Appellants.

## COUNSEL

Altshuler, Berzon, Nussbaum, Berzon & Rubin, Fred H. Altshuler and Scott A. Kronland for Plaintiffs and Appellants.

Kelvin H. Booty, Jr., County Counsel, Douglas Hickling, Chief Assistant County Counsel, Julie Tompkins, Deputy County Counsel, Folger, Levin & Kahn, Michael A. Kahn, J. Daniel Sharp, Morrison & Foerster and William Alsup for Defendants and Appellants.

## Opinion

**REARDON, J.**—After we ruled that appellant Judicial Council of California exceeded its powers in promulgating rules allowing electronic recording of superior court proceedings without legislative authorization, respondents California Court Reporters Association, Inc. (CCRA) and others sought entry of judgment in their favor. (See *California Court Reporters Assn.* v. *Judicial Council of California* (1995) 39 Cal.App.4th 15, 17-18, 34 [46 Cal.Rptr.2d 44] (*CCRA I*).) The Judicial Council and Alameda County officials—whose local rule enacted in reliance on the California Rules of Court was also invalidated—objected to the form of the proposed judgment and proposed their own. The trial court entered judgment unsatisfactory to the Judicial Council, Alameda County Auditor-Controller Patrick O'Connell and Alameda County Executive Officer Ron Overholt. On appeal, they contend that three paragraphs of the judgment should be vacated. Specifically, they contend that (1) the injunction imposed is in excess of the trial court's jurisdiction because it purports to rule on unlitigated issues; (2) the injunction is vague and overbroad, and thus should be vacated; (3) the injunction improperly threatens to interfere with the rights of third parties; (4) one paragraph of the judgment is unsupported by the evidence; and (5) that paragraph should be vacated because it enjoins activities that are not illegal. CCRA filed a protective cross-appeal. We affirm the judgment and dismiss the cross-appeal as moot.

## I. Facts

The Judicial Council promulgated rules of court, effective in 1994, which allowed electronic recording of superior court proceedings, despite a statutory scheme authorizing official shorthand reporting of these proceedings and the Legislature's rejection of legislation authorizing electronic recording. (See Cal. Rules of Court, rules 33(e), 891, 892, 980.3.) Anticipating application of these rules, in December 1993, respondents CCRA, Alameda County Official Court Reporters Association and five individuals[1] petitioned the Alameda County Superior Court for a writ of mandate to preclude the Judicial Council and Alameda County officials from implementing these rules. CCRA sought a declaration of the invalidity of the challenged rules, their repeal, and a writ prohibiting the Judicial Council and Alameda County officials from expending public funds on or otherwise using electronic recording to make the official superior court record. The trial court denied

---

[1]For convenience, the opinion refers to all respondents—the two associations, shorthand reporters Floyd L. Butler, Cheryl M. Redlich and Paul J. Runyon, taxpayer Dennis DeFreitas and Attorney Steven Kazan—collectively as CCRA.

the writ and the matter was appealed to this court. In October 1995, we reversed, holding that these rules of court were inconsistent with statute and thus were promulgated in excess of the Judicial Council's statutory authority. (See Cal. Const., art. VI, § 6; see *CCRA I, supra*, 39 Cal.App.4th at pp. 20-34.) The matter was remanded to the trial court for further proceedings.

In January 1996, another bill was introduced in the Assembly to authorize electronic recording of superior court proceedings. In May 1996, the bill was defeated in the Assembly.

In July 1996, CCRA sought entry of judgment in its favor. The Judicial Council, O'Connell and Overholt[2] objected to the form of the judgment lodged by CCRA and proposed their own judgment. In August 1996, CCRA withdrew its motion for entry of judgment, moved to vacate the May 1994 judgment that we had reversed in October 1995, and sought leave to file a first amended petition for writ of mandate to add additional parties. The Judicial Council opposed these motions and again moved to enter its own version of a judgment. The trial court granted CCRA's motion to vacate the earlier judgment. CCRA sought a statement of decision both on the Judicial Council's motion for entry of judgment and on CCRA's motion for leave to file an amended petition.

In September 1996, the trial court fashioned a judgment based on its understanding of our decision in *CCRA I*. All parties commented on the proposed judgment. In October 1996, the trial court denied the motion to amend the petition. In November 1996, the trial court entered judgment resolving the entire case. The Judicial Council appealed this judgment and CCRA filed a protective cross-appeal to challenge the denial of its motion to amend. The Judicial Council also sought a writ of supersedeas in this court to stay the judgment in this matter, raising many of the issues that it now raises on appeal. We denied the petition in December 1996, in a summary order.[3] (See *California Court Reporters Assn.* v. *Judicial Council of California* (Dec. 19, 1996) No. A076441 [nonpub. opn.].)

In January 1997, the Judicial Council directed California superior courts not to spend state funds for electronic recording, pending the outcome of this appeal. The Judicial Council also revised the California Rules of Court pertaining to electronic recording, in compliance with *CCRA I*. (See Cal. Rules of Court, rules 33, 891-892, 980.3; see also former Cal. Rules of

---

[2]For convenience, the opinion refers to all appellants as Judicial Council.

[3]A summary denial of a petition for supersedeas is not res judicata on the questions presented in this appeal. (See *Most Worshipful Lodge* v. *Sons etc. Lodge* (1949) 91 Cal.App.2d 582, 589 [205 P.2d 722].)

Court, rules 33(e), 891(a), 892(b)-(d), 980.3 [amended or repealed effective Jan. 31, 1997].)

## II. APPEAL

▮ The Judicial Council challenges paragraphs 2, 4 and 6 of the judgment. In paragraph 2, the judgment declares that ". . . the use of nonstenographic methods for producing the OFFICIAL verbatim record of superior court proceedings" (emphasis in original) to be "contrary to the intent of the [Legislature]." Paragraph 4 restrains the Judicial Council, its employees, agents, staff and staff agencies from authorizing and from causing the expenditure of public funds for the maintenance of or creation of a nonstenographic method and system for preparing the official verbatim record of superior court proceedings. Paragraph 6 contains a similar restriction on Alameda County officials.

In its challenge to these aspects of the judgment, the Judicial Council makes several arguments—that the injunction is in excess of the trial court's jurisdiction because it purports to rule on unlitigated issues; that it is vague and overbroad,[4] and thus should be vacated; that it threatens the rights of third parties; that parts of the judgment are unsupported by the evidence; and that part of it enjoins activities that are not illegal. These arguments turn on the Judicial Council's basic premise that the trial court's judgment prohibiting the use of electronic recording to create the official verbatim record of superior court proceedings is a misinterpretation of our decision in *CCRA I*. Simply put, the trial court is correct and the Judicial Council is wrong.

Seizing on our prelude that there is no statute *expressly* prohibiting a superior court from making an official record by electronic means, the Judicial Council fashions its own ruling—that electronic recording is *not* illegal in certain circumstances. (See *CCRA I, supra,* 39 Cal.App.4th at p. 26.) This prefatory remark was little more than a restatement of the CCRA's concession of this point in the trial court. (*Ibid.*) Still, the Judicial Council argues that *CCRA I* requires nothing more than an invalidation of improper court rules. It insists that *CCRA I* permits state and local officials to make an

---

[4]The Judicial Council contends that the term "official verbatim record" as contained in the trial court's judgment is "vague." It makes this contention notwithstanding the following facts: (1) *it was the Judicial Council* that used this exact language in promulgating the rules invalidated by this court in *CCRA I* (39 Cal.App.4th at pp. 20-21, fn. 12); (2) *it was the Judicial Council* that used this exact language in promulgating existing California Rules of Court, rule 980.6; and (3) *it was the Judicial Council* that used this exact language four times in its proposed judgment submitted to the trial court in this case. Simply stated, the Judicial Council's asserted inability to understand or comprehend the very language that it uses is, respectfully, not our problem.

electronic recording of superior court proceedings to constitute the official superior court record in some circumstances. The Judicial Council is incorrect. The holding of *CCRA I* is a simple one: The Legislature has *not* authorized the creation of an official superior court record by electronic means under any circumstances. (See *CCRA I, supra,* at p. 29.)

We quote from our earlier decision: "The fact that the Legislature has by statute authorized electronic recording in some contexts suggests strongly that—unless the existing statutory scheme providing for the official record to be taken down in shorthand is amended—the Legislature does not intend that electronic recording of superior court proceedings be the method of creating an official record. *Although the statutes do not expressly prohibit electronic recording of superior court proceedings, they nevertheless lead to one conclusion—that the Legislature intended that such proceedings be stenographically recorded by official shorthand reporters.* [Citations.]" (*CCRA I, supra,* 39 Cal.App.4th at p. 31, italics added, fn. omitted.) Given this clear ruling, we are at a loss to determine why the Judicial Council continues to dispute the obvious implications of it—that it has no justification to permit electronic recording as a method of creating the official record of superior court proceedings, no authority to promulgate rules authorizing such recording and no power to spend taxpayers' funds to do that which has been held to be inconsistent with the Legislature's intent.[5] (See *ibid.*) The trial court correctly interpreted *CCRA I* to mean precisely what we held when it crafted paragraphs 2, 4 and 6 of the injunction.

The judgment is affirmed and the cross-appeal is dismissed as moot.

Hanlon, P. J., and Poché, J., concurred.

---

[5]The trial court, which has retained jurisdiction "to hear and decide matters regarding the enforcement of this Judgment," properly fashioned its judgment to permit the Judicial Council to petition the Legislature to enact legislation authorizing electronic recording of superior court proceedings. In fact, the Judicial Council has recently appealed again to the Legislature for such authority and has again been denied it.